# Rice v. Westcott.

*Action to Recover Penalty for Failure to enter Satisfaction of Recorded Judgment.*

1. *Entering satisfaction on record of judgment.*—Section 3 of the act to amend the act providing for the registration and lien of judgments, &c., (Acts 1888-9, p. 60), seeking to extend "the laws relating to the entry of credits and satisfaction of mortgages" to the "entry of credits and satisfaction of the liens created by this act," is violative of section 2, Article IV of the constitution, 1st, because the subject matter thereof is not clearly expressed in the title of the act, and, 2nd, because it seeks to extend the provisions of a law by reference to its title only.

APPEAL from Montgomery City Court.

Tried before Hon. T. M. ARRINGTON.

The appellee, S. H. Westcott, brought this action against Alex Rice, seeking to recover a penalty of $200 from him for a failure on his part to enter satisfaction on the record of a judgment.

The complaint averred the recovery of a judgment by Rice against the plaintiff, the due recording thereof in the probate court of Montgomery county, the payment thereof, service by plaintiff upon the defendant of a written demand for an entry of satisfaction on the record thereof, and a failure on his part for more than three months, to make such entry.

The defendant demurred to the complaint, on the ground that the act upon which the action was based, was unconstitutional, first, because it sought to extend the provisions of a law by reference to its title only, and second, because the caption of the act did not clearly express the

23

subject matter thereof. These demurrers were overruled, and issue was joined on the averments of the complaint. The plaintiff established the allegations by sufficient proof, and that being all the evidence, the court charged the jury to find for the plaintiff, if they believed the evidence. From a judgment for plaintiff, the defendant appealed, assigning as error, the ruling of the court upon the demurrers, and the giving of the affirmative charge for the plaintiff.

D. T. BLAKEY, for appellant.—The act upon which the suit is based, is unconstitutional because the 3rd section seeks to extend the provisions of a previous law by reference to its title only.—*Bay Shell Road Co. v. O'Donnell*, 87 Ala. 376 ; *Todd v. The State*, 85 Ala. 339 ; *Stewart v. Co. Comrs.*, 82 Ala. 209 ; *Bolling v. LeGrand*, 87 Ala. 491.

The subject of imposing a penalty for failing to enter satisfaction on the record of the judgment, is not clearly expressed in the title of the act, and hence is void.—*Bradley v. The State*, 99 Ala. 177 ; *Wolff v. Taylor*, 98 Ala. 254 ; *Ex parte Cowert*, 92 Ala. 94; *Ex parte Reynolds*, 87 Ala. 138 ; *Miller v. Jones*, 80 Ala. 89 ; *Morgan v. State*, 81 Ala. 72.

GRAHAM & STEINER, *contra*.

HEAD, J.—Section 2, Art. 4 of the constitution, ordains : "Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes ; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only ; but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length." The third section of the act entitled, "An act, To amend an act entitled an act to provide for the registration and lien of judgments and decrees for the payment of money," approved Feb'y 26, 1889, (Acts 1888-89, p. 60) which seeks to extend "the laws relating to the entry of credits and satisfaction of mortgages," to the "entry of credits and satisfaction of the liens created by this act," clearly offends both these constitutional limitations. See the

[House v. West.]

authorities cited in brief of appellant's counsel. See also *Miller v. Berry*, 101 Ala. 531.

The act is complete and enforceable without said section 3, and that section only will be rejected as unconstitutional.

As the complaint does not, and can not be made to, contain a cause of action, the judgment of the city court will be reversed and a judgment here rendered in favor of the defendant.

Reversed and rendered.