## Thornton *v*. Bramlett.

*Damage for Trespass of Stock.*

(Decided May 14, 1908. 46 South. 577.)

1. *Animals; Stock Law; Election.*—Under provisions of the Acts 1900-01, p. 170, (Local Stock Law for Etowah County) the holding of a previous invalid election does not prevent a holding of a second legal election to accomplish the result sought by the invalid election.

2. *Same.*—Where the first election sought to be held to establish the stock law district was not held according to the provisions of Acts 1900-01, page 170, and was so declared on contest of same, such election was no bar to the second election in the same territory held under the provisions of said act, although section 3 provides that but one election should be held thereunder in any one year.

3. *Statute; Repeal.*—The Act of 1900-01, p. 170, providing for Local Stock Law elections in Etowah county was not repealed by the General Stock Law Act of 1903, Acts 1903, p. 431.

4. *Same; Amendment; Re-enactment.*—The Act of 1900-01, p. 170, amending a previous act is not violative of section 45, Constitution 1901, as the act as amended was re-enacted and published at length.

5. *Came; Separate Subjects.*—An act will not be held invalid as containing two subjects, one of which is not germane to the title, where that part of the act not germane to the title may be stricken, and leave remaining a law sufficient for all the purposes of the case germane to the subject expressed in the title.

6. *Animals; Stock Law Election; Entry of Result.*—The act declares the effect and operation of and the manner of enforcing the law after the result is certified and entered by the judge of probate, and the only duty resting upon the judge is to enter upon his minutes, the result of an election had under such act as certified to him by the managers.

APPEAL from Gadsden, City Court.

Heard before Hon. JOHN H. DISQUE.

Action by L. W. Bramlett against Sid Thornton for damages done by a cow to the land and crops within a district in which stock is prohibited from running at large. From a judgment for plaintiff, defendant appeals. Affirmed.

The defendant filed a number of pleas, among them plea 5, setting off the sum of $35 for the use by the plaintiff of defendant's milk cow from the 30th day of

27 C

November, 1905, to the 15th day of March, 1906, and plea 6, which sets up that the territory in which the cow of defendant is said to have run at large and committed the alleged damages or injuries suffered by the plaintiff was not territory where stock was prohibited from running at large at the time of the commission of the alleged damage, because he says that on the 5th day of April, 1905, J. H. Richardson and nine others, freeholders and householders of that part of beat 27, the description of which is set out in full, presented to the judge of probate of Etowah county a petition praying for an order for an election in the above-named precinct to determine whether or not stock should be allowed to run at large in said precinct; that in pursuance of said petition the judge made an order for an election, which was held in that part of said beat at the regular voting place therein on the 10th day of March, 1905; that said election was held after notice, etc., as required by the statute, and the result certified to the court; that within the time allowed by law the proper parties filed a contest of the election (1) because it was not held in accordance with the act approved December 7, 1900; (2) that it was held without giving the notice required by law; and other grounds not necessary to be here stated; that upon the filing of said contest and the giving of bonds for the costs as required by the act the court set a day and summoned jurors to hear and determine said contest, to-wit, Monday May 22, 1905; that after hearing the evidence the jury returned a verdict finding the issue in favor of the contestants, and upon the return of said verdict the court entered an order adjudging that said election was not held according to law, and that said election was null and void and of no effect; that on the 19th day of May, 1905, J. M. Sutherland and nine others filed with the probate judge

a petition praying said judge to order an election to be held in beat 27 to determine whether or not stock should be prohibited from running at large in a certain described portion of said beat, which is particularly set out in a plea, and which conforms substantially to the description of the territory embraced in the former election; that in compliance with said petition the judge of probate ordered that an election be held in such part of such precinct at the regular voting place on the 19th day of June, 1905, made the necessary orders, appointed managers, etc.; and that said election was held on the 19th day of June, 1905, in said portion of such precinct, and the result certified to the judge of probate, who thereupon entered an order finding that at such election the majority of such qualified voters in said portion of said precinct voted for no stock at large, and decreed that within the territory so described no stock should be permitted to run at large. It is further alleged that under the provisions of the acts approved December 7, 1900, and September 29, 1903, the last election was null and void.

BOYKIN & BRINDLEY, for appellant. Appellant contends that the second election ordered within the year was void and that there was no stock law in existence in that particular precinct at the time the trespass was alleged to have been committed, and that, therefore, the court erred in sustaining demurrers to the defendant's plea, and in support thereof, cite the following.—Acts 1898-9, p. 683; Acts 1900-01, p. 172; *Grider v. Talley,* 77 Ala. 422; *Russell v. The State,* 77 Ala. 89; *Harlan, Judge v. The State, ex rel. Clark,* 136 Ala. 150; *State ex rel. v. Bradley,* 134 Ala. 550; *West End v. The State, ex rel.* 138 Ala. 297. On the question of the contest of the previous election they cite the following.—*Parks*

*v. The State,* 100 Ala. 634;*Leigh v. The State,* 69 Ala. 261; 15 Cyc. 394. On the contention that the Act of 1900-01, p. 170, is void, they cite.—*Glenn v. Glenn,* 89 Ala. 608; *Montgomery v. The State,* 88 Ala. 141.

GEORGE D. MOTLEY, for appellee. There was no notice given of the first election held under the act, and the election was, therefore, a nullity and so declared on contest. It was no bar to the subsequent election.—15 Cyc. 324; *Hawthorne v. The State,* 116 Ala. 487; *Williams v. Roberts,* 88 Ill. 11.

ANDERSON, J.—It is insisted that the order established the stock law, under which the plaintiff grounds his right for a recovery, is void, for the fact that it was under a second election, held within one year of a previous one and that said last one was forbidden by section 3 of the act of 1900 (Acts 1900, p. 172), being the stock law act for Etowah county. Said section, among other things, says: "Provided, there shall be but one election under this act in any one year." The manifest meaning of this proviso was to prevent a change within the same year of a status fixed by a valid election, and not to prohibit another attempt to accomplish by a legal election that which was sought by a previous, but invalid, one.

The sixth plea shows that the first election was held to be null and void, not under a contest upon the second ground given by the act, but under the first, and because not held under the act. The first election, not having been held under the law and having been annulled before the second was ordered, was no bar to the second one. The adjudication of the invalidity of the attempted election was conclusive, as no appeal was taken therefrom, if any one had the right to do so, which

we need not decide. Whether the probate judge had the authority to render a judgment on the contest or not we need not decide, as the judgment so entered was but a repetition of the verdict of the jury and the grounds of contest.

The local law of Etowah county (Acts 1900, p. 172) was not repealed by the general stock law of 1903 (Acts 1903, p. 431,).—*Com'rs' Court v. Johnson,* 145 Ala. 553, 39 South. 910.

Acts 1900, p. 170, is not repugnant to section 45 of article 4 of the Constitution of 1901, as the amendment is re-enacted and published at length.—*Montgomery v. State,* 107 Ala. 383, 18 South. 157.

Whether the act contains two subjects, one of which is not germane to the title, because providing for a penalty and punishment for a violation of the stock law, we need not determine, as the validity of the criminal feature is not before us. It could be shorn of the criminal feature, and remain a good law for all purposes germane to the subject expressed in the title.— *M. & O. R. Co. v. State,* 29 Ala. 573; *Harper v. State,* 109 Ala. 28, 19 South. 857; *Shehane v. Bailey,* 110 Ala. 308, 20 South. 359. But we must not be understood as holding that the criminal feature is not germane to the subject expressed in the title, as that point is not involved.

The judge of probate did not have to enter upon the minutes anything but the result as certified to him by the managers. The act declares the effect and the operation of, and manner of enforcing, the law after the result is certified and entered.

The defendant did not establish his plea of set-off.

The judgment of the city court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.