# CASES

## IN THE

# SUPREME COURT OF ALABAMA

### OCTOBER TERM 1915-16

---

## State, *ex rel.* Terry *v.* Lanier.

### Mandamus.

(Decided May 18, 1916.   Rehearing denied June 30, 1916.
72 South. 320.)

1. **Statutes; Subject and Title.**—Acts 1915, p. 770, is not violative of § 45, Constitution 1901, as everything proposed by the title and accomplished by the act was incidental and subsidiary to the general subject of abandoning the commission form of government for the previously existing aldermanic form of government.

2. **Same; Amendment.**—Such act did not violate the provisions of § 45, Constitution 1901, as to amending statutes, since such provisions reach only those cases where the act is strictly revisory or amendatory, and does not apply where the act is in itself complete and intelligible, and original in form.   Its reference to the existing general law not varying its terms, but being merely for the formal execution of it.

3. **Municipal Corporation; Officers; Impeachment and Removal.**—The provisions of Acts 1915, p. 770, are not violative of § 175, Constitution 1901, since the act abolishes and does not remove or suspend the officers not retained, and as to the officers retained, whose offices were created or abolished by the commission, there being no fixed statutory office or term, they were not officers protected by the Constitution.

4. **Constitutional Law; Officers; Suspension or Removal.**—Acts 1915, p. 770, is within the legislative power, since the commissioners whose offices were created by the legislature have no vested right to such offices and they may be abolished at the will of the legislature.

APPEAL from Madison Circuit Court.

Heard before Hon. R. C. BRICKELL.

Petition by the State of Alabama, on the relation of T. T. Terry, for mandamus, to M. H. Lanier, President of the Board of Commissioners of the City of Huntsville, to require him to submit at an election of the qualified electors the question of abandoning the commission form of government.   From a decree

1—197

sustaining demurrers to the petition, relator appeals.  Reversed, rendered, and remanded.

The petitioner alleges that a petition signed by the requisite number of qualified voters was addressed and submitted to and filed with the judge of probate, and that after a scrutiny of the signatures of said petition he found that they were requisite in number and qualified electors, residents of the city of Huntsville, and in his official capacity did certify and deliver to said M. H. Lanier, president of the board of commissioners, the original petition, together with a certified copy of his certificate, and further certifying to the genuineness of the petition, and that notwithstanding all this said Lanier has refused and declined, and still refuses and declines, to submit the question of abandoning the commission form of government to the qualified electors of the city of Huntsville at a special election as provided by law.

TAYLOR & WATTS, and E. C. BETTS, for appellant.  COOPER & COOPER, R. E. SMITH, and DAVID A. GRAYSON, for appellee. .

This case was submitted and considered by the court under rule 46 (64 South. vii) and the opinion of the court was delivered by Mr. Chief Justice ANDERSON.

(1) The title to Acts 1915, p. 770, reads as follows:

"An act to provide a mode whereby cities in the state of Alabama, which shall have heretofore adopted or may hereafter adopt a commission form of government, as authorized by law, may after an election upon such question, abandon such commission form of government, and return to the aldermanic form of government, as the same existed therein at the time of adoption of such commission form of government."

The one main subject dealt with in this title is to provide for a change from a commission form of government in cities to the aldermanic form as it existed before the commission form was adopted, and all other things contemplated by the title or provided by the act are cognate and germane to this one general subject.  If the object or subject is stated generally in the title, it would include incidents and subsidiary details.—*Thomas v. Gunter*, 170 Ala. 165, 54 South. 283, and cases there cited; *Smith v. Stiles*, 195 Ala. 107, 70 South. 905.  We think that everything proposed by the title and accomplished by the act was incident and subsidiary to the one general subject of changing the commission form of government of cities to the aldermanic form as

[State, ex rel. Terry v. Lanier.]

it previously existed, and the subject was not only clearly expressed, but was single, and the act does not offend section 45 of the Constitution for failing to clearly express the subject of the enactment in the title or in dealing with more than one subject.

(2) It is contended that this act violates so much of section 45 of the Constitution as provides that: "No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length."

This provision of the Constitution reaches those cases only where the act is strictly amendatory or revisory in its character. Its prohibition is directed against the practice of amending or revising laws by additions or other alterations, which without the presence of the original act are usually unintelligible. If the law is in itself complete and intelligible, and original in form, it does not fall within the meaning and spirit of the Constitution. "It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute. The right is given, the duty declared, or burden imposed by the special statute; but the enforcement of the right or duty and the final imposition of the burden are directed to be in the form and by the procedure given by the other and general laws of the state. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law. The evil in view in adopting this provision of the Constitution was the incorporating into the acts of the Legislature by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner, and to an extent not disclosed upon the face of the act, a bill might become a law which would not receive the sanction of the Legislature if fully understood."—*State v. Rogers,* 107 Ala: 444, 19 South. 909, 32 L. R. A. 520; *Montgomery v. Birdsong,* 126 Ala. 645, 28 South. 522; *Sisk v. Cargile,* 138 Ala. 168, 35 South. 114; *Little v. State,* 137 Ala. 665, 35 South. 134; *State v. Street,* 117 Ala. 203, 23 South. 807.

[State, ex rel. Terry v. Lanier.]

The act in question is original in form, and complete and intelligible in itself, and the reference to the existing general law is not to vary its terms, but merely for the formal execution of same.

(3, 4) It is next insisted that the act violates section 175 of the Constitution, which provides for the impeachment of certain officers therein mentioned, and that this method of removal is exclusive.—*Nolen v. State*, 118 Ala. 154, 24 South. 251. The act abolishes the office of commissioners, etc., in the event the voters adopt the aldermanic form of government, and these offices being of legislative creation the same can be abolished at the will of the Legislature, and the incumbents have no vested right in said offices that would prevent the abolishment of same.—*Hawkins v. Roberts*, 122 Ala. 130, 27 South. 327; *Touart v. Callaghan*, 173 Ala. 453, 56 South. 211. These offices are not retained, and the incumbents removed or suspended, so as to bring the question within the influence of section 175 of the Constitution; but the offices are abolished upon the contingency provided, and it was within the power of the Legislature to provide for what may be termed an option to be exercised by the voters as to whether or not the respective cities, of the class dealt with, should return to the aldermanic form or remain under the commission form of government.—*State, ex rel. Crumpton v. Montgomery*, 177 Ala. 212, 59 South. 294. It is true that section 5 of the act provides for the retention in office of all employees, other than those whose offices are abolished until their removal is provided for by the mayor and alderman of the city, but they are not offices protected under section 175 of the Constitution, as the creation, abolishment, or removal of the incumbents was with the commissioners, and said employees had no fixed statutory office or term.—*State v. Sanders*, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295; Acts 1911, p. 591, § 7.

While there are many grounds of demurrer assailing the constitutionality of the act, we deem it necessary to discuss only those grounds insisted upon by the assailant of the act. While T. T. Terry, a voter and taxpayer, is the relator, the mandamus seeks the performance of a definite duty to the public, and the state is the real plaintiff, and the fact that Terry had no authority to proceed in the name of the state is not presented by the demurrer; but, if it was so presented, it is questionable as to

whether or not his authority to file the petition in the name of the state can be questioned by demurrer.

The trial court erred in sustaining the demurrer to the petition, and the judgment is reversed, and one is here rendered overruling same, and the cause is remanded.

Reversed, rendered and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.