(77 South. 37)

STATE ex rel. GARRETT et al. v. TORBERT. (2 Div. 647.)

(Supreme Court of Alabama. June 28, 1917. On Rehearing, Oct. 2, 1917.)

1. QUO WARRANTO ☞10—PROPRIETY OF REMEDY — DETERMINING WHETHER THERE IS A COUNTY COURT BY STATUTE.

Quo warranto is the proper proceeding to determine whether or not there is a county court for Hale county by virtue of Acts 1915, p. 862 et seq., and whether or not, if there is such a court, the probate judge of the county is ex officio judge and clerk thereof.

2. EVIDENCE ☞33—JUDICIAL NOTICE—MATTER OF COMMON KNOWLEDGE.

It is a matter of common knowledge that the Legislature of 1915 appointed a committee to sit during recess to prepare and adopt bills for a revision of the judicial system of the state, that the committee reported back a great number of bills, and that many were re-enacted into laws at the session; one being Acts 1915, p. 862 et seq.

3. STATUTES ☞225—CONSTRUCTION—ACTS IN PARI MATERIA.

Various acts looking to a revision of the judicial system of the state, being considered by the Legislature at the same time, and entering into the revised judicial system of the state, must, to some extent at least, be construed in pari materia.

4. COURTS ☞42(3)—COUNTY COURT OF HALE COUNTY—STATUTE—EFFECT.

Acts 1915, p. 862 et seq., repealed the various acts for Hale county pertaining to the county court, in so far as they were not otherwise saved from repeal by this and other acts, and put in force in the county the Code provisions relating to county courts, except as the act or other general acts might apply to such court in the county.

5. STATUTES ☞141(2) — RE-ENACTMENT OR AMENDMENT—CONSTITUTION.

Acts 1915, p. 862 et seq., in effect, with other statutes passed at the same session, repealing many local acts providing for or relating to county courts in the respective counties, is not violative of Const. 1901, § 45, as re-enacting, amending, or extending the provisions of other laws, without setting out at length the laws so re-enacted, amended, or extended, the act not being a re-enacting or amending statute within the constitutional provision, the mere fact that the act refers to the general Code provisions rendered applicable by the repeal of local statutes not offending against section 45.

6. COURTS ☞42(3)—JUDGES ☞29—COUNTY COURT OF HALE COUNTY—PROBATE JUDGE AS JUDGE—STATUTES.

In view of Acts 1915, p. 862 et seq., in effect repealing many local acts providing for or relating to county courts in the respective counties, including Hale ' county, provided for by Code 1907, §§ 6696–6732, the Code provisions control in regard thereto, except as changed by other general and local statutes in force, and the probate judge of Hale county is ex officio judge of the county court, under section 6696, authorized and required to discharge the duties of judge of the county court.

On Rehearing.

7. CLERKS OF COURTS ☞2—COUNTY COURT OF HALE COUNTY — PROBATE JUDGE AS CLERK—STATUTES.

Under Code 1907, § 6698, the probate judge of Hale county is the clerk of its county court, of which he is also judge; the provision of Acts 1915, p. 865, § 9, subsec. 3, which makes the clerk of the circuit court ex officio clerk of the county court, being limited to counties having more than 26,000 and less than 26,100 inhabitants.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Quo warranto proceeding by State of Alabama, on the relation of Cad Garrett and others, against W. E. Torbert. From the judgment, relators appeal. Judgment affirmed.

R. B. Evins, of Greensboro, for appellants. Thomas E. Knight, of Greensboro, for appellee.

MAYFIELD, J. This is a statutory quo warranto proceeding, to determine whether or not there is a county court for Hale county, by virtue of the general act of the Legislature approved September 25, 1915 (Acts 1915, p. 862 et seq.), and whether or not, if

there be such a court, the probate judge of that county is ex officio judge and clerk thereof.

While there is no specific prayer to determine the first question, yet the last two cannot be decided without determining the first.

[1] We apprehend that there can be no doubt that statutory quo warranto is the proper proceeding to judicially determine these questions. See chapter 128, §§ 5453–5472, of the Code of 1907, and cases cited in annotations thereto.

Article 3 of chapter 198 of the Code (sections 6696–6732), and its progenitors in the Codes of 1896, 1886, 1876, 1867, and the Penal Code of 1866, provided a system of county courts, extending, with an occasional exception, to each of the counties of the state. At different times, however, since the Penal Code of 1866 which created the system, various local statutes have been passed, taking various counties out of the Code provisions, and substituting entire and radical departures from the general Code provisions, for the trial of misdemeanor cases in the counties affected. A number of such statutes was passed at nearly every session of the Legislature. Sometimes the local act provided for a county court in lieu of the court provided in the Code; sometimes it created a court known as, and called, a law and equity court, and conferred thereon the jurisdiction of the original county court; and sometimes the local act merely amended certain sections of the Code relating to county courts. Again, some of these local acts, in turn, have been repealed, restoring the application of the Code provisions to the county affected; and some of the local acts were in turn amended. So until the general act of 1915 (above referred to) became effective, the Code provisions had not for a long period applied to all the counties of the state, nor even to all the counties which had county courts. And even now there are certain counties which, by express terms, are excepted from the operation of the Code provisions, by virtue of the act of 1915 (page 862); but such fact has no importance on this hearing.

By virtue of the Code provisions, the probate judge of the county is made ex officio judge and clerk of the county court. In some of the counties having county courts since the Penal Code of 1866, other judges, by virtue of local acts, have been provided for the county courts, and the clerks of the circuit courts made ex officio clerks of the county courts. The history of these statutory provisions was referred to in the case of State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 South. 870; Balkum's Case, 40 Ala. 671; Roundtree's Case, 51 Ala. 47, 48.

[2-4] Hale county is one of the several counties in which the Code provisions relating to county courts have been replaced or substituted by the provisions of local acts creating county courts or law and equity courts; and such local acts were in force,

and were being operated under, at the time of the passage of the general act of 1915, p. 862. But all such acts were probably attempted, and intended, to be repealed by the general act above referred to, as well as by other general acts passed at the same session of the Legislature, embodied therewith as parts of the general scheme of reformed judicial procedure in this state. It is a matter of common knowledge that the Legislature of 1915 appointed a committee, to sit during recess, for the purpose of preparing and adopting bills for a revision of the judicial system of this state, and that this committee reported back to the Legislature a great number of bills; and that many of the recommended bills were enacted into laws at that session—one being the act in question (page 862). These various acts being considered by the Legislature at the same time, and entering into the revised judicial system of the state, must, to some extent at least, be construed in pari materia. So construing this act, its effect was to repeal the various acts for Hale county, pertaining to the county court, in so far as they were not otherwise saved from repeal by this, and other acts; and to put in force, in Hale county, the Code provisions relating to county courts, except as the act in question, or other general acts in force, might apply to such court in that county.

[5] It is insisted first, that the provisions of the act of 1915 (page 862), which were intended to apply the Code provisions pertaining to county courts, were invalid, because section 45 of the Constitution would be violated, in that the effect thereof was to re-enact, amend, or extend the provisions of other laws, without setting out at length the laws so re-enacted, amended, or extended. We cannot accede to this insistence, for the reason that the general act of 1915 (page 862), nor the parts thereof in question, are not a re-enacting, amending, or extending statute, within the inhibition of section 45 of the Constitution. The statute, nor the provisions in question, do not belong to that class of bills or acts by the Constitution makers intended to be prohibited by section 45 of the Constitution. The act in question does not purport to be a revisory or an amendatory statute, but is in form original, intelligible, and complete.

The leading decision in this state, construing this clause of section 45 of the Constitution, or its progenitor in the Constitution of 1875, is probably that of State ex rel., etc., v. Rogers et al., 107 Ala. 444, 19 South. 909, 32 L. R. A. 520, which case has been many times cited and followed by this court; and our Constitution has been readopted without material change in this respect. In that case it was said (first quoting from Ex parte Pollard, 40 Ala. 98):

" 'It was never intended by the Constitution that every law which would affect some previous statute or variant provisions on the same sub-

ject should set out the statute or statutes so affected at full length. If this were so, it would be impossible to legislate. The constitutional provision reaches those cases where the act is strictly amendatory or revisory in its character. Its prohibition is directed against the practice of amending or revising laws by additions, or other alterations, which without the presence of the original act are usually unintelligible. If the law is in itself complete and intelligible, and original in form, it does not fall within the meaning and spirit of the Constitution.' All the purposes of the present act could doubtless have been accomplished by an act strictly and in form amendatory, by setting out the existing statutes, amending and re-enacting them; but it is obvious the amendatory act would have been cumbersome, and not more intelligible than is the present act. Whether an amendatory act, or an original act should be employed, was matter of legislative judgment and discretion, which the courts cannot control. In People v. Banks, 67 N. Y. 575, it is said: 'It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute. The right is given, the duty declared, or burden imposed by the special statute, but the enforcement of the right or duty, and the final imposition of the burden are directed to be in the form, and by the procedure given by the other and general laws of the state. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law. The evil in view in adopting this provision of the Constitution was the incorporating into the acts of the Legislature by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law, which would not receive the sanction of the Legislature if fully understood.' "

The effect of the act in question, with the aid of other statutes passed at the same session of the Legislature and which, with it, constituted a part of the revision of the judicial system, was to repeal many local acts providing for or relating to county courts, in the respective counties. This being done, the Code provisions, being general laws, would ex proprio vigore apply, except in so far as changed by other general or local statutes in force and not repealed. The mere fact that the general act refers to the Code provisions does not offend against section 45 of the Constitution; the effect might be the same, if no such reference was made, but as to this we do not decide, because such reference is expressly made in the statute in question.

[6] It therefore follows that there is a county court for Hale county, which is provided for by article 3 of chapter 198 of the Criminal Code; and that the Code provisions in question control in regard thereto, except in so far as they were changed by other general or local statutes now in force. We know of no other provisions or laws now in force, which provide for a judge for the county court of Hale; hence the provisions of the Code which make the probate judge ex officio judge of the county court apply, and he is thereby authorized and required to discharge the duties of judge of the county court. Code, § 6696; State ex rel. Vandiver v. Burke, Judge, supra.

The provision of the Code, however, which requires or authorizes the probate judge to act as clerk of the county court or, at his own expense, to employ a clerk (Code, § 6698), does not apply, because the general act of September 25, 1915 (page 862), which repeals the local acts and, by reference, applies the Code provisions as to county courts, expressly provides that the clerks of the circuit courts shall be ex officio clerks of the respective county courts, thereby superseding or repealing section 6698 of the Code. Hence the clerk of the circuit court of Hale county is ex officio clerk of the county court of that county. See section 9, p. 865, Act of 1915, next to last clause of act.

It therefore follows that appellee is authorized to discharge the duties and functions of judge of the county court of Hale county but not those of clerk of such court; such last-mentioned duties being imposed upon the clerk of the circuit court, who, as appears from this record, is the relator and appellant in this proceeding.

It also results that the trial court erred in sustaining the demurrer to the complaint, in so far as the complaint sought to oust appellee from the office of clerk of the county court of Hale county, or to prevent his discharging the duties thereof; but that in so far as the complaint or information sought to oust appellee from the office of judge of the county court, or, more accurately speaking, to prevent his discharging the duties and functions of judge of that court, the demurrer was properly sustained.

The judgment of the lower court must be reversed, and the cause remanded, that proceedings may be had therein in consonance with the views expressed in this opinion.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

PER CURIAM. [7] We were in error in holding that the provision of section 9 of the general act of 1915 (page 865), which makes the clerk of the circuit court ex officio clerk of the county court, applied to Hale county, and determined the rights and duties of appellant and appellee respectively, as to the county court of that county. This provision of the act (subsection 3 of section 9) is limited to that county or those counties which have more than 26,000, and less than 26,100 inhabitants. Hale county does not fall within this classification, and the provision in question does not apply to it, nor to this case. It re-

,sults therefore that the Code provisions (section 6698) apply to Hale county, and control as to the clerical duties incident to the county court, and who shall discharge the same.

We have at this term granted a rehearing in the case of Thomas, Clerk, v. State ex rel. James Armstrong, 77 South. 35,[1] wherein we fell into the same error that we did in this case; and the opinion in that case, in so far as it is apt, is referred to and adopted as part of the opinion in this case.

It follows therefore that appellee, Torbert, is authorized and required by law to perform the duties of clerk of the county court of Hale county, or, at his own expense, to employ a clerk to perform such duties, as is provided by section 6698 of the Code.

The circuit court therefore ruled correctly, in all respects, on the demurrer to the complaint. And the judgment of reversal heretofore entered in this court is accordingly set aside, and a judgment of affirmance entered. Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.