STATE ex rel. HARMON v. MURPHY.
(6 Div. 190.)

(Supreme Court of Alabama. June 30, 1924. Rehearing Denied Oct. 16, 1924.)

1. Statutes ⬤�covenants64(2)—Quo warranto proceedings based on unconstitutionality of act fail unless some alleged infirmity goes to validity of entire act.

Quo warranto proceedings, based on alleged unconstitutionality of act creating office, must fail, unless one or more of alleged infirmities goes to validity of act as whole.

2. Statutes ⬤➞124(1)—All provisions of act creating court of domestic relations held cognate to and proper for accomplishment of purpose.

All provisions of Gen. Acts 1923, pp. 612–625, held clearly cognate to, and necessary and proper for, effective accomplishment of its single purpose to create court of domestic relations.

3. Statutes ⬤➞117(7) — Duplicity of subjects held not created by clause in title providing for regulation of appeals from special court created by act.

Clause in title of Gen. Acts 1923, pp. 612–625, creating court of domestic relations, "to provide for appeals from said courts, and to regulate same," held not contrary to Const. 1901, § 45, as importing regulation of procedure and trial in circuit court, which is not germane to subject expressed in title.

4. Statutes ⬤➞109—Ambiguous language of title construed so as to relieve it of constitutional offense.

Ambiguous language in title of act will be so construed and its meaning so limited and extended, in consonance with its reasonable scope, as to relieve it of constitutional offense.

5. Statutes ⬤➞64(10)—Provision in body of act not germane to subject immaterial, if single subject clearly expressed in title.

That some provision in body of act may offend constitutional requirement that law contain but one subject is immaterial, where single subject is clearly expressed in title.

6. Statutes ⬤➞141(1)—Previous statutes need not be set out in full unless later act strictly amendatory or revisory.

Const. 1901, § 45, does not require that every law affecting previous statutes or variant provisions on same subject set out such statutes in full, but applies only where act is strictly amendatory or revisory.

7. Statutes ⬤➞51—Act giving new court jurisdiction of other courts, under acts referred to by titles only, held not unconstitutional.

Gen. Acts 1923, pp. 612–625, giving court of domestic relations jurisdiction, powers, etc., of juvenile courts under Gen. Acts 1919, pp. 128, 176, by reference to titles only, does not offend Const. 1901, § 45.

8. Statutes ⬤➞124(1)—Provisions defining jurisdiction, powers, duties, etc., of special court created need not be expressed in title.

Every provision in Gen. Acts 1923, pp. 612–625, as to jurisdiction of court of domestic relations, and power, authority, and duty of its judges in exercise thereof, and reasonably appropriate to achievement of general purpose, is germane to title and need not be expressed therein.

9. Statutes ⬤➞124(1)—Act authorizing board of revenue to provide quarters for court created held germane to subject.

Gen. Acts 1923, p. 616, § 5, authorizing board of revenue to provide quarters for domestic relations court created by such act is germane to subject and necessary to its design.

10. Statutes ⬤➞64(10)—Valid provisions of act held not affected by invalidity of provisions not germane to subject.

Invalidity of provisions not germane to subject of Gen. Acts 1923, p. 625, § 21, does not affect validity of other provisions, under which court of domestic relations created thereby could exist and function in accordance with Legislature's design.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Quo warranto by the State of Alabama, on the relation of W. W. Harmon, and W. W. Harmon individually, against S. D. Murphy. Judgment for respondent, and relator appeals. Affirmed.

The proceeding is by an information in the nature of quo warranto to inquire into and determine the right of the respondent, Hon. S. D. Murphy, to hold the office of judge of the court of domestic relations of Jefferson county.

The petition contains allegations and prayers apt for the purpose, and is grounded solely upon the alleged invalidity on constitutional grounds of the act approved September 28, 1923 (Gen. Sess. Acts 1923, pp. 612–625), the title of which is as follows:

"To provide for and establish in each and all counties of this state which now have a population of two hundred thousand people, or more, according to the last federal census, or which shall hereafter have such population, or more, according to any such census hereafter taken, a court to be designated the court of domestic relations; to provide that such courts shall be courts of record; to define the jurisdiction, power and authority of such courts; to provide

the means necessary, proper or convenient for the exercise thereof, and to regulate same, to provide for a senior judge and an associate judge, or such courts, and for such other officers and employees, as are necessary or convenient for the exercise of its jurisdiction; and for their compensation; to provide for and regulate the procedure in such courts; to authorize the senior judge of said courts to determine the form of records; to provide for appeals from said courts, and to regulate same; to fix and regulate the taxing of costs in such courts; to provide for the transfer to the jurisdiction of such courts certain causes pending in the circuit court and other courts in such counties and all causes pending in juvenile courts in such counties, and all wards and probationers of such juvenile courts in such counties; to provide that if any section, paragraph or other part of this act shall be declared unconstitutional, that such decision shall not affect the remainder thereof; to repeal all laws and parts of laws inconsistent, or in conflict with this act, and to designate when this act shall take effect; and to abolish all juve-"

A demurrer to the petition being sustained, the relator declined to plead further, and final judgment was rendered dismissing the petition. From that judgment the relator appeals, and assigns for error the ruling on the demurrer.

J. S. McLendon, of Birmingham, for appellant.

The act is offensive to section 45 of the Constitution. State v. Lea, ante, 68, 99 South. 170; First Nat. Bank v. Hagood, 206 Ala. 308, 89 South. 497; Wallace v. Ball, 205 Ala. 623, 88 South. 442; Pillans v. Hancock, 203 Ala. 570, 84 South. 757; Bay Shell Road v. O'Donnell, 87 Ala. 376, 6 South. 119; Bolling v. LeGrand, 87 Ala. 482, 6 South. 332; Ex parte Reynolds, 87 Ala. 138, 6 South. 335; Stewart v. County Court, 82 Ala. 209, 2 South. 270.

S. D. Murphy, John P. McCoy, and Fred Fite, all of Birmingham, and Ernest L. Hargrave, of Fairfield, for appellee.

The act is not void by reason of duplicity. State v. Lea, ante, 68, 99 South. 170; Blue v. Everett, 145 Ala. 104, 40 South. 203; Roden v. Griffin, 179 Ala. 633, 60 South. 925; Lovelady v. State, 15 Ala. App. 615, 74 South. 734. The regulation provided for appeals applies to matters of procedure in the domestic relations court, and not to such matters in the circuit court. State v. Pitts, 160 Ala. 133, 49 South. 441, 686, 135 Am. St. Rep. 79; Quartlebaum v. State, 79 Ala. 1; Hawkins v. Roberts, 122 Ala. 130, 27 South. 327; State v. Prince, 199 Ala. 444, 74 South. 939. The several sections of the act are valid; but, if one or more be unconstitutional, the whole act would not fall. Cofer v. State, 168 Ala. 171, 52 South. 934; State v. Carter, 174 Ala. 266, 56 South. 974.

SOMERVILLE, J. The petition charges that the Court of Domestic Relations Act of September 28, 1923 (Gen. Sess. Acts 1923, pp. 612–625), under which the respondent Murphy claims to be exercising the powers and performing the duties of a judge of such a court for Jefferson county, is invalid because it violates in numerous particulars the provisions of section 45 of the Constitution. The grounds of invalidity relied upon may be thus condensed and restated:

(1) The title and body of the act contain two subjects.

(2) The body of the act contains matter not expressed in its title.

(3) Section 3 of the act attempts to confer upon the said court of domestic relations powers, jurisdictions, and authorities of circuit and chancery courts in certain cases—which are not expressed in nor cognate to the title.

(4) Section 5 of the act attempts to authorize the county board of revenue to provide quarters for the said court of domestic relations—which is not expressed in nor cognate to the title.

(5) Section 9 of the act attempts to confer additional duties and authority on circuit solicitors of the county—which is not expressed in nor cognate to the title.

(6) Section 12 of the act attempts to confer upon the circuit solicitor, or the deputy solicitor, of the county authority to issue warrants of arrest—which is not expressed in nor cognate to the title.

(7) Sections 9 and 12 of the act attempt to confer upon circuit solicitors judicial authority.

(8) Section 18 of the act attempts to give to the judge of said court the right to deny an appeal to the circuit court—which is not expressed in nor cognate to the title.

(9) Section 18 of the act attempts to make appeals to the circuit court stand as preferred cases in the circuit court, thereby regulating procedure in that court—which is not expressed in nor cognate to the title.

(10) Section 18 of the act further attempts to require the circuit court to certify to said court of domestic relations a copy of the judgment rendered by the circuit court in any case appealed thereto—which is not expressed in nor cognate to the title.

(11) Section 19 of the act attempts to give to the court of domestic relations jurisdiction of causes pending in the circuit court, or other courts, involving matters within the jurisdiction conferred on the former court; and to provide for the transfer of such causes to the docket of the former court; and to provide for the transfer of the wards and probationers of such other courts to the control of the court of domestic relations—which makes duplicity in the title and the act.

(12) Section 2 of the act attempts to reenact, revive, extend, or confer the provisions of the act of February 19, 1919 (Gen. Acts 1919, p. 128), and of the act of Febru-

ary 18, 1919 (Gen. Acts 1919, p. 176), by reference to their titles only—contrary to section 45 of the Constitution.

(13) Section 2 of the act further attempts to adopt, as supplemental grants of jurisdiction and powers to the said court, the provisions of any other juvenile court acts adopted at the same legislative session—contrary to the same clause of section 45, aforesaid.

[1] It is obvious that the purpose of this proceeding must fail unless one or more 'of these alleged infirmities, if found, goes to the validity of the act as a whole, so that it cannot stand as a valid expression of the legislative will.

[2] The purpose of the act is to create a court of domestic relations, which, ex vi termini, imports a court having authority to deal' with, and adjudicate, and enforce the duties and obligations growing out of the relations of parent and minor child, and of husband and wife, and to supervise the care of minor children under the police power of the state. A critical examination of the title of the act does not disclose a single provision which is not clearly cognate to its single purpose, or which is not necessary or proper for its effective accomplishment.

[3-5] The specific-complaint is that the clause "to provide for appeals from said courts, and to regulate same," creates a duplicity of subjects contrary to the requirement that "each law shall contain but one subject, which shall be clearly expressed in its title" (Const. § 45); the argument being that to "regulate" appeals imports the regulation of procedure and trial in the circuit court, which is not germane to the creation of the court of domestic relations, or to the administration of its powers and duties. Such a purpose and meaning is not fairly imputable to the language used. It is certain that such appeals must be regulated, and it is certainly proper that they be regulated by the court from which they are taken, at least until they have reached the court to which they are appealed. Conceding, without deciding, that the regulation in this case can extend no further than that, there is nothing in the language of this clause of the title which is offensive to the constitutional provision quoted. Moreover, ambiguous language will be so construed and its meaning so limited or extended, in consonance with its reasonable scope, as to relieve it of constitutional offense. State ex rel. Collman v. Pitts, 160 Ala. 133, 146, 49 South. 441, 686, 135 Am. St. Rep. 79; Quartelbaum v. State, 79 Ala. 3. The fact, if it be a fact, that some provision in the body of the act may so offend, is beside the question. We hold that the subject of the act—a single subject—is clearly expressed in the title. State ex rel. Bragg v. Rogers

et al., 107 Ala. 444, 19 South. 909, 32 L. R. A. 520.

In this connection, counsel for petitioner cites the recent case of State ex rel. Griswold v. Lea (Ala. Sup.) 99 South. 170.[1] It is only necessary now to observe of that case that the clause in the title relating to the regulation of appeals—specifying as it did the procedure to be followed in the circuit court on appeal—is radically different from the clause here in question; that the purpose and policy of the respective acts, and the exigencies of their administration, are wholly different and distinct; and, finally, that what was said on the subject in the opinion of Mr. Justice Thomas was not adopted by the court as a ground of decision, but was expressly pretermitted.

[6] The provision of section 45 of the Constitution that "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length," has been often invoked for the nullification of legislative acts. Long ago, in Ex parte Pollard, 40 Ala. 100, the field of its operation was clearly defined:

"It was never intended by the Constitution that every law which would affect some previous statute or variant provisions on the same subject should set out the statute or statutes so affected at full length. If this were so, it would-be impossible to legislate. The constitutional provision reaches those cases where the act *is strictly amendatory or revisory* in its character. Its prohibition is directed against the practice of amending or revising laws by additions, or other alterations, which without the presence of the original [act] are usually unintelligible. If a law is in itself complete and intelligible and *original in form*, it does not fall within the meaning and spirit of the Constitution." [Italics supplied.]

This language has often been quoted, and its principle applied in favor of legislative acts. State ex rel. Terry v. Lanier, 197 Ala. 1, 72 South. 320; State ex rel. Garrett v. Torbert, 200 Ala. 663, 77 South. 37; State ex rel. Bragg v. Rogers et al., 107 Ala. 444, 19 South. 909, 32 L. R. A. 520.

[7] This act is in no sense an amendatory or revival act, nor does it extend or confer the provisions of other laws. It is independent, intelligible, and complete in itself, and the jurisdiction given to the court of domestic relations by the forepart of section 2 is merely effectuated by giving to the court and its judges the jurisdiction, powers, etc., exercised by juvenile courts under the two acts referred to. This method of legislation is usual in such cases, and does not offend the provision in question as our decisions clearly show Cobb v. Vary, 120 Ala. 263, 24

---

[1] Ante, p. 68.

South. 442; Hasty, Judge, v. Marengo County, 204 Ala. 229, 86 South. 37; Leonard v. Lyons, 204 Ala. 615, 87 South. 99; State ex rel. Garrett v. Torbert, 200 Ala. 663, 77 South. 37; Henry v. State ex rel. Welch, 200 Ala. 475, 76 South. 417; State ex rel. Brandon v. Prince, 199 Ala. 444, 448, 74 South. 939; Bracely v. Noble, 201 Ala. 74, 77 South. 368. Cases in which this provision was held to invalidate amendatory acts will be found in Tuskaloosa Bridge Co. v. Olmstead, 41 Ala. 9; and Ferguson v. Commrs' Court, 187 Ala. 645, 65 South. 1028. Those cases are clearly different.

[8] Manifestly, every provision in the act relating to and defining the jurisdiction of the court, and the power, authority, and duty of its judges in the exercise of that jurisdiction, and reasonably appropriate to the achievement of its general purpose, is germane to the title of the act, and need not be expressed therein.

[9] Of course, that provision of the act which authorizes the board of revenue to provide quarters for the court is germane to the subject of the act, and necessary to its design.

[10] The remaining objections are to particular subsidiary provisions of the act, which, it is charged, are not expressed in the title, and are not germane to its subject.

It is not necessary, for the purpose of this proceeding, to inquire into or determine the merits of those contentions; for, if it be conceded that any one, or every one, of them is valid, and that any one, or every one, of the provisions in question must be stricken from the act, there would still remain its essential provisions, under which the court of domestic relations could exist and function in accordance with the manifest design of the Legislature, and accomplish substantially all of the purposes of such a court. This permits us to give full effect to the provision of section 21 that "No decision by a court of competent jurisdiction declaring a part of this act unconstitutional shall affect the remainder thereof." Clarke v. Carter, 174 Ala. 266, 56 South. 974; Thornton v. Bramlett, 155 Ala. 417, 46 South. 577; Ham v. State, 156 Ala. 645, 47 South. 126.

Our conclusion is that the court of domestic relations for Jefferson county is a valid institution under the act under consideration; that the respondent Murphy is the legal incumbent of the office of senior judge of the court; and that the respondent's demurrer to the petition was properly sustained. It results that the judgment denying relief and dismissing the petition must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur

