(117 So. 485)

**STATE v. BURCHFIELD.  (6 Div. 388.)**

Court of Appeals of Alabama.  June 19, 1928.

█

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., and W. K. Brown and Smyer & Smyer, all of Birmingham, for the State.

█

Goodwyn & Ross, of Bessemer, and C. C. & Morton Nesmith, of Birmingham, for appellee.

BRICKEN, P. J. This prosecution was for an alleged violation of the Stock Law Act, approved August 30, 1927. General Acts 1927, p. 493.

The affidavit upon which the prosecution is based appears sufficient as to form and substance. Before entering upon the trial, the defendant below, appellee here, interposed demurrers to the complaint or affidavit. There were nineteen grounds of demurrer, all of which were of the same import and raised the question of the validity of the act, supra; the insistence being that said act is unconstitutional for the numerous reasons stated. The court below upheld the contention of defendant, sustained the demurrers to the affidavit and warrant, thereby holding said act was violative of several constitutional provisions. Judgment was rendered accordingly, from which the state took an appeal to this court under provisions of section 3239 of the Code 1923.

The constitutionality of the act in question being the only point of decision involved upon this appeal, this court, in pursuance to the statute, certified the question to the Supreme Court, who, in response to said certification by an opinion hereinafter set out, sustained said act and in effect held that no provision thereof is offensive to the organic law. That decision is conclusive of this appeal, and results in the reversal of the judgment entered in the court below. No further discussion by this court is necessary. The opinion rendered by the Supreme Court in this case is as follows:

"Certified to this court pursuant to section 7322 of the Code by the presiding judge of the Court of Appeals.

"The appeal is by the state from a judgment sustaining demurrers to an affidavit and warrant charging violation of the Stock Law, etc., and holding the law unconstitutional. Gen. Acts 1927, p. 493.

"It is asserted that the act violates (1) section 45 of the Constitution; (2) violates subdivision 23 of section 104 of the Constitution, if it is a local law; (3) and the penalties sought to be imposed are uncertain.

"Considering the objection to the act in inverse order to that as presented, the same is not unconstitutional and void on the ground that the penalties provided are uncertain and undeterminable. Scott v. State, 152 Ala. 63, 44 So. 544; State v. Goldstein, 207 Ala. 569, 582, 583, 93 So. 308. They are certain and determinable. Miller v. Strahl, 239 U. S. 426, 36 S. Ct. 147, 60 L. Ed. 364; Waters-Pierce Oil Co. v. Texas, 212 U. S. 86, 29 S. Ct. 220, 53 L. Ed. 417; Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232; Omaechevarria v. Idaho, 246 U. S. 343, 38 S. Ct. 323, 62 L. Ed. 763; Arizona Copper Co. v. Hammner, 250 U. S. 400, 39 S. Ct. 553, 63 L. Ed. 1058, 6 A. L. R. 1537. A mere reading of the act in question and the general laws of the state fixing penalties for stock running at large disposes of this insistence of unconstitutionality. Section 3224, Code. The act is analogous to the primary election laws which provide for the expenses of holding such elections to be paid in the manner as the expenses of holding a general election. Section 609, Code. This is an apt illustration of the sufficiency and definitiveness of the violation of the law and the prescribed penalties therefor as contained in the instant act—the same as 'are now penalized under the general laws of the state.' Other illustrations by reference as to punishment, penalties, fees, etc., may be found in the statutes.

"The act is original in form, dealing with a general subject, and the same is definite and well understood by the profession and the people generally so as to guide them in their course of conduct and sufficiently admonish as to the commission of crime and the penalties to be incurred for such a violated law. U. S. v. L. Cohen Groc. Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; Fox v. Washington, 236 U. S. 273, 35 S. Ct. 383, 59 L. Ed. 573.

"The basis of classification is reasonable, and with the act a prospective field of operation in the counties of the state. Therefore the act is not a local law. Const. § 110; Birmingham Elec. Co. v. Harry, 215 Ala. 458, 111 So. 41.

"The provisions of section 45 of the Constitution, as to amending or reviving the law 'by reference to its title only,' and requiring that 'so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length,' refer and relate to acts

that are 'strictly amendatory or revisory in character,' and which, without the presence of the original enactments, 'are usually unintelligible,' and not a law original in form and in itself complete and intelligible. State ex rel. Terry v. Lanier, 197 Ala. 1, 72 So. 320; Henry v. State ex rel. Welch, 200 Ala. 475, 76 So. 417; Garrett v. Torbert, 200 Ala. 663, 77 So. 37; Pillans v. Hancock, 203 Ala. 570, 84 So. 757; Tyler v. State, 207 Ala. 129, 92 So. 478; State v. Murphy, 211 Ala. 663, 101 So. 465; Ex parte Pollard, 40 Ala. 100. The act before us is in no sense an amendatory or revival act, nor does it extend or confer the provisions of other laws contrary to the provisions of section 45 of the Constitution; that is to say, references may be made to general laws in other enactments, with a view of perfecting or harmonizing the execution of the law. Ex parte Pollard, supra; State ex rel. v. Rogers et al., 107 Ala. 444, 455, 19 So. 909, 32 L. R. A. 520. In the last-cited authority, Mr. Chief Justice Brickell said, on the authority of People v. Banks, 67 N. Y. 575:

" 'It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute. The right is given, the duty declared, or burden imposed by the special statute, but the enforcement of the right or duty, and the final imposition of the burden are directed to be in the form, and by the procedure given by the other and general laws of the state. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law.'

"And this rule of constitutional and statutory construction has been adhered to by this court. Leonard v. Lyons, 204 Ala. 615, 87 So. 99; Byrd v. State ex rel. Colquett, 212 Ala. 266, 270, 102 So. 223; State v. Murphy, 211 Ala. 663, 101 So. 465; Tyler v. State, 207 Ala. 129, 92 So. 478.

"We find no provision of the act that is offensive to organic law."

Reversed and remanded.