(128 So. 776)

## HAYES v. STATE.
### 7 Div. 958.

Supreme Court of Alabama.
May 22, 1930.

Rehearing Denied June 19, 1930.

Hugh Reed, of Center, and Knox, Dixon, Sims & Dixon, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

GARDNER, J.

Petitioner was convicted for a violation of what is commonly called the "Five Gallon Law" (Gen. Acts 1927, p. 704), the constitutionality of which was upheld by the decision of the Court of Appeals.

The question is not new, but has been foreclosed by former decision of the Court of Appeals in the case of Dixon v. State, 124 So. 506,[1] where this act was attacked upon numerous constitutional grounds, including that now urged, that it is violative of that portion of section 45 of our Constitution touching the revision amendment and extension of laws. That decision was here reviewed, and those objections to the act duly

[1] 23 Ala. App. 279.

considered, with the result that the writ of certiorari was denied. Dixon v. State, 220 Ala. 220, 124 So. 507.

In view of these decisions nothing further need be said, but, in deference to the earnest insistence of counsel, we briefly add the following observations. The act here assailed is original and not amendatory in form. The case of Bates v. State, 118 Ala. 102, 24 So. 448, 450, upon which counsel so confidently relies was amendatory, the court saying in reference thereto: "It is not independent and original in form, but is purely amendatory, as its title * * * declares it to be." The Bates Case is therefore here inapplicable. Other authorities noted by appellant (Stewart v. Commissioners' Court, 82 Ala. 209, 2 So. 270; Bay Shell Road Co. v. O'Donnell, 87 Ala. 376, 6 So. 119; Miller v. Berry, Judge, 101 Ala. 531, 14 So. 655; and Rice v. Westcott, 108 Ala. 353, 18 So. 844), are likewise readily distinguishable from the instant case.

In construction of this provision of said section 45 of the Constitution it is settled that statutes amendatory of others by implication only are not within its influence. Ex parte Thomas, 113 Ala. 1, 21 So. 369. The reference in the act here considered to the prohibition laws is merely a reference to a definite legal status and does no violence to this constitutional provision. The following excerpt from City Council of Montgomery v. Birdsong, 126 Ala. 632, 28 So. 522, 525, is here pertinent:

"Nor does the enactment offend that other provision of said section of the state constitution, touching the revision, amendment and extension of laws. That provision has been repeatedly held to apply to statutes strictly amendatory, and not to such as are independent and complete within themselves, although they adopt by reference merely, the provisions of other statutes on the same subject, there appearing in more enlarged and extended form. Such independent legislation does not fall within the mischief designed to be remedied or prohibited by this provision of the constitution. We have considered this subject heretofore, and so recently, there remains no good reason for enlarging further on it. State v. Rogers, 107 Ala. 444, 19 So. 909, 32 L. R. A. 520; Cobb v. Vary, 120 Ala. 263, 24 So. 442."

Numerous cases have considered this portion of section 45 of our Constitution, and discussed the purpose thereof, among them, State v. Murphy, 211 Ala. 663, 101 So. 465; State v. Torbert, 200 Ala. 663, 77 So. 37; State v. Lanier, 197 Ala. 1, 72 So. 320; Sisk v. Cargile, 138 Ala. 164, 35 So. 114; but a further review of the authorities is unnecessary.

The act does not offend section 45 of the Constitution, and the Court of Appeals correctly so ruled.

Let the petition be denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

