177 So. 155

### CHAMBERS v. CITY OF MONTGOMERY.

3 Div. 207.

Supreme Court of Alabama.

Oct. 7, 1937.

Rehearing Denied Dec. 2, 1937.

60

· Amzi G. Barber, of Birmingham, and Ball & Ball, of Montgomery, for appellant.

Jas. S. Parrish and John L. Goodwyn, both of Montgomery, for appellee.

Rushton, Crenshaw & Rushton, of Montgomery, amici curiae.

BOULDIN, Justice.

Appellant sued for alleged breach of contract, or for sum alleged to be due under contract.

Demurrer to the several counts of the complaint being sustained, plaintiff took a nonsuit because of such adverse ruling, and appeals.

For purposes of review, the case made by the complaint may be briefly outlined as follows:

On February 5, 1936, plaintiff was appointed "Escaped license and tax auditor and collector for the City of Montgomery, * * * covering period previous to January 1st, 1936."

Remuneration was to be a stated percentum "of the monies turned into the City Treasury by you, or monies paid into the City Treasury from the efforts of your audits and investigations."

Entering upon such labors plaintiff listed as escaped license taxes large sums alleged to be due from various public utilities for a period of five years, under ordinances levying license taxes for business conducted within the police jurisdiction of the city, and outside the corporate limits of the city. Citations and demands were issued to these utilities by plaintiff, who proceeded with efforts to collect until March 25, 1936, when the appointment or agreement of February 5, 1936, was terminated.

No monies are alleged to have been turned into the city treasury by plaintiff, nor as a result of his efforts.

The theory of the suit is that plaintiff had a contract to do a definite job, that, after entering upon performance, which reasonably would have resulted in bringing in these funds, the city terminated the contract, preventing plaintiff from further performance, and entitling him to the commissions stipulated, or to damages for breach of contract cutting off his power to perfect his claim to such commissions.

Much argument is indulged touching the liability of these utilities for the alleged delinquent license taxes under ordinances, governing statutes, and decisions. Much argument proceeds on the theory of private contracts, unilateral contracts as affected by part performance, etc.

None of these matters, as we view the case, need be considered.

■ A municipal corporation is a local government, with the limited powers conferred by law.

The levy and collection of taxes is one of its purely governmental functions. Any person holding a position of this character, whether deemed a subordinate officer or employee, holds 'subject to the law governing body.

Under the law governing the municipality of Montgomery, Acts 1931, pp. 99 to 125, "All subordinate officers and employees of said City * * * shall hold office and be removable at the pleasure of the board of commissioners," except as otherwise provided in the act. Section 7, p. 104, section 24, p. 122, section 32, p. 124.

The ordinance of the board of commissioners creating the office or position to which plaintiff was appointed is nowhere set out, but, if it were, the law would write into it the power to terminate the office or remove the incumbent at will, a power known to the plaintiff when he took the position.

There is, therefore, no question of contract rights involved. The compensation to which he was entitled when suit brought, or may become entitled, is determined by the ordinance fixing same.

This, under the averments of the complaint, is limited to funds brought into the city treasury. State v. Sanders, 187 Ala. 79, 90, 65 So. 378, L.R.A.1915A, 295; Hard v. State ex rel. Baker, 228 Ala. 517, 154 So. 77; State ex rel. Terry v. Lanier, 197 Ala. 1, 72 So. 320; 43 C.J. 911, note 76.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.