(102 So. 223)

**BYRD et al. v. STATE ex rel. COLQUETT et al. (4 Div. 144.)**

(Supreme Court of Alabama. June ·26, 1924. Rehearing Denied Dec. 4, 1924.)

**1. Constitutional law ☞48—Statute sustained unless clearly unconstitutional.**

A statute will be sustained as not violative of constitutional limitations on legislative power, if with the aid of all reasonable intendments it can be given effect without violation of the letter and spirit of the Constitution.

**2. Statutes ☞8½(2)—Meaning of "to read as follows" in amendatory act held not same as in notice of intention to apply for local law amendatory of general law.**

Phrase, "to read as follows," which when used in an amendatory act implies that the provisions following are a complete revision and·substitute for the act amended, when used in notice under Const. 1901, § 106, of intention to apply for passage of an act to amend, as to C. county, the general jury law, caption of which is given, "so as to read as follows" (stating merely who shall be the jury commissioners and constitute the jury commission of that county), is intended to say that the substance of the proposed amendment shall "read as follows."

[Ed. Note.—For other definitions, see Words and Phrases, Read as Follows.]

**3. Statutes ☞8½(2)—Notice of intention held not such that no valid local law could be passed pursuant thereto.**

Notice under Const. 1901, § 106, of intention to apply for a local law, *held* not such a notice that no valid law could be enacted pursuant thereto, within the rule that, where it is such, a law passed pursuant thereto, though otherwise valid except for variance from the notice, will be invalid.

**4. Evidence ☞20(1)—Judicial notice taken of paper, published within jurisdiction of trial court, being weekly newspaper.**

Relative to sufficiency of notice to apply for a local law, required by Const. 1901, § 106, to be published at least once a week for four successive weeks in a newspaper published in the same county, judicial notice will be taken that the Luverne Journal, published within the jurisdiction of the trial court, is a weekly newspaper.

**5. Officers ☞4—Legislature may abolish office created by it, though thereby removing incumbent during term.**

Legislature may abolish an office of its own creation, though the incumbent is thereby removed during term, or abolish one governmental agency and confer its powers and duties on another existing governmental agency.

**6. Statutes ☞141(2)—Local act original in form not within requirement that amendatory act set out so much as is amended.**

Loc. Acts 1923, p. 224, abolishing jury commission of a county, as created by general law, and conferring its authority and· imposing its duties on another existing · governmental agency, being original and not amendatory in form, complete and intelligible in itself, and referring to the general law merely to define its subject-matter and field of operation, is not within Const. 1901, § 45, requiring amendatory acts to re-enact and set out at length so much as is amended.

**7. Statutes ☞8½(2)—Substance of local jury commission law not different from substance as set out in notice of intention to apply therefor.**

Substance of Loc. Acts 1923, p. 224, abolishing the jury commission of a county as provided by general law and conferring its powers and duties on the "court of county commissioners" of the county, is not different from the substance set out in notice, under Const. 1901, § 106, of intent to apply for a local law whereby "the members of the court of county commissioners" of the county shall be ex officio the jury commissioners and constitute the jury commission of the county.

**8. Statutes ☞125(1)—Subject-matter of local jury commission law held clearly expressed in title.**

The subject-matter of Loc. Acts 1923, p. 224, as to jury commission of a county, *held* clearly expressed in title notwithstanding term "court of county commissioners" is used in one, and term "the· members of the court of county commissioners" in the other.

**9. Officers ☞30—Statute imposing additional duties, by way of consolidation of offices, not violative of inhibition against holding· two offices.**

Loc. Acts 1923, p. 224, conferring jury commission duties, by way of consolidating offices, on court of county commissioners, *held* not violative of Const. 1901, § 280, inhibiting holding of two offices of profit at same time.

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Rehearing.

**10. Evidence ☞5(2)—Existence of newspaper matter of common knowledge within zone of general circulation.**

It cannot be said, for purpose of declaring void a statute, that existence of a newspaper is not matter of common knowledge within the zone of its general circulation, or that such common knowledge does not extend to the fact that it is a weekly newspaper.

**11. Evidence ☞387(2)—Courts cannot go behind legislative journals.**

Courts cannot go behind journals of Legislature to determine whether publication of notice under Const. 1901, § 106, of intent to apply for local law was made on the dates shown by the proofs on the journals.

**12. Statutes ☞8½(3)—Legislature must ascertain truth of proof of publication of notice to apply for local law.**

It is for the Legislature to ascertain whether the proof of publication of notice of intent to apply for a local law, made as required by Const. 1901, § 106, is true or false.

**13. Evidence ☞387(2)—Journals of Legislature imply absolute verity on matters there shown.**

The journals of the Legislature import absolute verity on matters duly shown thereon.

**14. Statutes ☞286—Proof of requisite publication of notice of intent to apply for local law held sufficient without judicial knowledge.**

Affidavit of publication of notice, under Const. 1901, § 106, of intent to apply for local law, *held* on its face sufficient proof of requisite publication without resort to judicial knowledge.

Sayre, Somerville, and Miller, JJ., dissenting in part.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Quo warranto by the State of Alabama, on the relation of W. D. Colquett and others, against R. L. Byrd and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

It is shown by the petition that the relators were, prior to September 24, 1923, appointed members of the jury commission of Crenshaw county by the Governor of Alabama, under the Act of 1909 (Sp. Sess. p. 305), and acts amendatory thereof, and entered upon and discharged the duties of jury commissioners until the date mentioned, when defendants unlawfully intruded into and took over the functions of said officers, and have continued to act and are still acting as jury commissioners; that defendants claim the right to hold such offices, under the act approved September 24, 1923 (Local Acts 1923, p. 224). Alleging that the local act of 1923 is unconstitutional and void, relators pray that writ of quo warranto issue to defendants, and that upon final hearing defendants be adjudged not entitled to the office and be excluded therefrom and that said offices be restored to relators. The judgment of the court declared the local act unconstitutional and void and granted the relief prayed by relators. From this judgment the appeal is prosecuted.

The local act (Local Acts 1923, p. 224) involved reads as follows:

"An act to abolish the jury commission of Crenshaw county as created and constituted by law, of an act approved August 31, 1909, and to confer the authority and power and impose the duties of such jury commission upon the members of the court of county commissioners of Crenshaw county.

"Be it enacted by the Legislature of Alabama.

"Section 1. The jury commission for Crenshaw county as created and provided for by law or by an act approved August 31, 1909, be and the same is hereby abolished.

"Sec. 2. That the rights, powers, duties, jurisdiction and obligations now conferred upon the jury commission of Crenshaw county be and they are hereby conferred upon the court of county commissioners of said county and that all the provisions of said act approved August 31, 1909, shall in all things apply and govern the court and county commissioners serving as the jury commission under this act, when not in conflict with the provisions hereof.

"Sec. 3. That all laws and parts of laws in conflict with the provisions of this act be and they are hereby repealed."

The notice and proof exhibited with this act are as follows:

"Notice.

"To Whom It May Concern: Notice is hereby offered that it is my intention to submit to the Legislature of Alabama which will convene in July, 1923, for its passage an act entitled an act to amend, in so far as it applies to Crenshaw county, an act entitled an act to prescribe the qualifications of jurors and regulate the selection, drawing and summoning of jurors and prescribe the qualifications and provide for the appointment of jury commissioners and clerks of such commissions and regulate the impaneling of grand and petit jurors in all of the courts of this state, approved August 31, 1909, so as to read as follows:

"The members of the court of county commissioners of Crenshaw county, Alabama, shall be ex officio the jury commissioners and constitute the jury commission of said county.

"Very respectfully, J. B. Moxley.

"State of Alabama, Crenshaw County.

"Before me, a notary public in and for the county and state aforesaid, personally appeared J. C. McLendon, editor and publisher of the Luverne Journal, a paper published at Luverne, Crenshaw county, Alabama, who being duly sworn, deposes and saith, that the above-attached copy of a —— was published in the Luverne Journal for four (4) consecutive issues from the 21st day of June to the 12th day of July inclusive. J. C. McClendon.

"Sworn to and subscribed before —— this July 28, 1923.

"W. Bayzor Martin, Notary Public."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Frank B. Bricken and Ira B. Thompson, both of Luverne, and James J. Mayfield, of Montgomery, for appellants.

The act is not offensive to section 45 of the Constitution. Rogers' Case, 107 Ala. 455, 19 So. 909, 32 L. R. A. 520; Judson v. Bessemer, 87 Ala. 240, 6 So. 267, 4 L. R. A. 742; Hawkins v. Roberts & Son, 122 Ala. 130, 27 So. 327; Ex parte Pollard, 40 Ala. 77. It was the province of the Legislature to abolish the jury commission and create another in its stead. State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939. The court will take judicial notice that the Luverne Journal is a weekly newspaper. 15 R. C. L. 1063; Gordon v. Tweedy, 74 Ala. 232, 49 Am. Rep. 813; Money v. Turnipseed, 50 Ala. 499; Whitney v. Jasper, 119 Ala. 497, 24 So. 259. The notice and proof were sufficient. Ensley v. Simpson, 166 Ala. 379, 52 So. 61; Frederick v. Brodie, 148 Ala. 383, 41 So. 180; Kumpe v. Irwin, 140 Ala. 461, 36 So. 1024; Clarke v. Carter, 174 Ala. 272, 56 So. 974; Hudgens v. State, 15 Ala. App. 156, 72 So. 607; Acuff's Dig. 255; Barnett v. State, 165 Ala. 59, 51 So. 299.

Powell & Hamilton, of Greenville, for appellees.

The notice and proof are not sufficient; neither the courts nor the Legislature can take notice that a publication is a newspaper. 23 C. J. 74; Atkeson v. Lay, 115 Mo. 538, 22 So. 481; Const. Pub. Co. v. May, 16 Ga. App. 599, 85 S. E. 934; Windfall v. Wood, 172 Ind. 302, 88 N. E. 505. The notice does not contain the substance of the law. State ex rel. Brandon v. Prince, 199 Ala. 448, 74 So. 939. The affidavit fails to show publication once a week for four consecutive weeks. Kumpe v. Irwin, 140 Ala. 460, 36 So. 1024; Ensley v. Simpson, 166 Ala. 366, 52 So. 61; Ex parte Lower, 178 Ala. 87, 59 So. 611. The act is violative of section 175 of the Constitution. Petree v. McMurray, 210 Ala. 639, 98 So. 782; Alford v. Hicks, 142 Ala. 355, 38 So. 752; Brame v. State, 148 Ala. 629, 38 So. 1031; State v. Roden, 15 Ala. App. 401, 73 So. 657; Thomas v. State, 16 Ala. App. 148, 75 So. 821; Cleveland v. State, 16 Ala. App. 336, 77 So. 930. It is violative of section 45 of the Constitution. Stewart v. Court of Co. Comm., 82 Ala. 209, 2 So. 270; Miller v. Berry, 101 Ala. 531, 14 So. 655; Rice v. Westcott, 108 Ala. 353, 18 So. 844; Bates v. State, 118 Ala. 102, 24 So. 448; Rose v. Lampley, 146 Ala. 445, 41 So. 521.

BOULDIN, J. This suit is to test the constitutionality of a local statute relating to the jury commission of Crenshaw county. Local Acts 1923, p. 224. For the purpose of a study of the numerous questions presented, the title and body of the act, as well as the notice and proof, are set out in full in the statement of the case.

The Constitutional Convention of 1901 addressed itself to the task of preventing the growing evil of local legislation. By section 104 such legislation is forbidden on certain subjects therein set out. By section 105 is sought to avoid local legislation in cases provided for by general law, or where relief may be had in the courts. Section 106 throws certain safeguards around special, private, or local laws not forbidden by the Constitution. It declares no such law shall be passed unless notice of the intention to apply therefor, stating the substance of the proposed law, shall have been published at least once a week for four consecutive weeks in some newspaper published in the county; that proof of such notice be made by affidavit and spread upon the journals. The courts are enjoined to pronounce void all such laws if proof does not affirmatively appear in the journals. This court has been called upon in numerous cases to construe and enforce these and other provisions governing the passage of laws by the Legislature.

[1] The same rules of construction obtain in passing upon those provisions as apply to other constitutional limitations upon legislative power. The courts seek to sustain and not to strike down the enactments of a co-ordinate department of the government. If, with the aid of all reasonable intendments, the act can be given effect without violation of the letter and spirit of the Constitution, it will be sustained. All reasonable doubt is resolved in favor of the action of the Legislature. Laws clearly in conflict, however, cannot coexist. In such case the court has the one duty to maintain the Constitution. City of Ensley v. Simpson, 166 Ala. 375, 52 So. 61; Shehane v. Bailey, 110 Ala. 308, 20 So. 359; Zeigler v. S. & N. R. R. Co., 58 Ala. 594.

[2, 3] In dealing with the act before us, questions are raised upon the sufficiency of the notice and also upon the sufficiency of the proof of notice. The notice shows a purpose to amend as to Crenshaw county the general jury law of Alabama, whose caption is therein set out, "so as to read as follows." Then follows the substance of the proposed act.

The phrase "to read as follows," when used in an amendatory act, implies that the provisions following are a complete revision and substitute for the act amended. Such construction of this notice would reduce the entire jury system set forth in the act of 1909 to a single sentence declaring who shall constitute the jury commission in Crenshaw county. Such an act would be void on its face. The manifest purpose was to say that the substance of the proposed amendment or change in the statute should "read as follows." So read, the objection comes that it is violative of that provision of section 45

which requires that so much of a statute as is amended shall be re-enacted and published at length.

In Alford y. Hicks, 142 Ala. 355, 38 So. 752, the general proposition is laid down that the Legislature cannot enact a constitutional local law, when the notice required by section 106 shows that the proposed act, if enacted, would be unconstitutional. The reason stated was that the people affected, seeing the proposed act would be unconstitutional, were authorized to rely on the Legislature not to pass it, or, if passed, it would be no law. That case was dealing with an act creating an inferior court in lieu of justices of the peace, wherein the jurisdiction set out in the notice exceeded that defined by the Constitution for such courts. The act as passed reduced the jurisdiction to the constitutional limits, thus changing the substance of the proposed law as shown by the published notice. The Constitution does not require that the notice shall have the form of a constitutional act. It requires merely the substance of the proposed law, or change in the law, to be shown. So, we conclude, the case of Alford v. Hicks, supra, does not apply to a case where a valid act, either original or amendatory in form, may be drawn, in substance the same as the proposed law shown in the notice. We think, therefore, that the notice before us was not on its face such a notice that no valid law could be enacted pursuant thereto.

[4] Turning to the proof of the published notice as shown by the journals, the affidavit shows it was published in the Luverne Journal, a paper published at Luverne, Crenshaw county, Ala. The Constitution says it must be published in a newspaper. Again, the affidavit says the notice was published for four consecutive issues from the 21st of June to the 12th day of July, inclusive. The Constitution says it must be published for four consecutive weeks. This notice gives the date of first and fourth publications, being on the same day of the first and fourth weeks. Do the words "consecutive issues" import that the other two publications were on June 28th and July 5th, making four consecutive weeks?

Do the words "Luverne Journal, a paper published at Luverne," import a newspaper? It is common knowledge that nowadays there are many "papers published" which are not newspapers in the sense meant in the Constitution. The aim is to bring knowledge of the proposed law to the body of the people of the county through a medium usually carrying them news of public affairs —a newspaper. The sufficiency of this notice appears to turn on whether we can take judicial notice that the Luverne Journal, published as stated, is a weekly newspaper.

"Judicial notice is taken of what is within the knowledge of most men. The test has been said to be: (1) Is the fact one of common, everyday knowledge in the jurisdiction, which every one of average intelligence and knowledge of things about him can be presumed to know? and (2) is it certain and indisputable?" 23 C. J. 61.

"Courts should take notice of whatever is or or ought to be generally known, within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind." 15 R. C. L. 1057, 1058.

"There are various senses in which the term 'judicial notice' is used. In the orthodox sense above noted, it signifies that there are certain facta probanda (ante, § 2), or propositions in a party's case, as to which he will not be required to offer evidence; these will be taken for true by the tribunal without the need of evidence. This general principle of judicial notice is simple and natural enough. As to the scope of such facts, they include (1) matters which are so notorious that the production of evidence would be unnecessary. * * *" 4 Wigmore on Ev. § 2565, p. 3598.

"It is customary for courts to take judicial knowledge of what ought to be generally known within the limits of their jurisdiction. This cognizance may extend far beyond the actual knowledge, or even the memory of judges, who may, therefore, resort to such documents of reference, or other authoritative sources of information as may be at hand, and may be deemed worthy of confidence." Gordon, Rankin & Co. v. Tweedy, 74 Ala. 232, 237, 238 (49 Am. Rep. 813).

See, also, Hodge. v. Joy, 207 Ala. 198, 92 So. 171.

In applying these rules the question comes: Within what jurisdiction must the fact be of common knowledge? Must it be generally known throughout the jurisdiction of the appellate court, or only within the jurisdiction where the cause was heard by the primary court?

In 15 R. C. L. 1063, the text is:

"A higher court on appeal will take judicial cognizance of any matter of which the court of original jurisdiction might take notice."

This text is supported by the cases cited, viz.: Pennington v. Gibson, 16 How. 65, 14 L. Ed. 847; Gay v. Eugene, 53 Or. 289, 100 P. 306, 18 Ann. Cas. 188; Salt Lake City v. Robinson, 39 Utah, 260, 116 P. 442, 35 L. R. A. (N. S.) 610, Ann. Cas. 1913E, 61, 124 A. S. R. 21 et seq.

It is generally held that taking judicial notice of facts of common knowledge is in the discretion of the trial court, and that, on appeal, the record should show that the trial court had the matter of judicial notice called to his attention in order to bring under review his action thereon. 15 R. C. L. 1063. This rule is in support of the presumption in favor of the court's finding, unless error is affirmatively shown. Appellate courts can indulge no presumptions in favor of the lower court in dealing with the question of the constitutionality of a· statute.

All courts alike must indulge every presumption in favor of its validity.

The decisions of other courts are not in harmony on the question of judicial notice of newspapers published within the jurisdiction of the court. In Atkeson v. Lay, 115 Mo. 538, 22 S. W. 481, was involved a statute authorizing election ballots to be printed in a newspaper, or, in the absence of a newspaper, by posting. Held, the court would not take judicial notice that a newspaper was published in the county to invalidate the notice by posting. In Town of Windfall City v. State ex rel. Wood, 172 Ind. 302, 88 N. E. 505, a mandamus was asked to require a town council to hear a petition of which notice was required to be given in a newspaper. In denying the writ, it was held the court would not take judicial notice that "Windfall Herald" was a newspaper, or when it was published. In Constitution Publishing Co. v. May, 16 Ga. App. 599, 85 S. E. 934, it was merely held that judicial notice would not be taken that "The Atlanta Constitution" was published by the "Constitution Publishing Company." In Re Sale of Intoxicating Liquors, 31 Ohio Cir. Ct. R. 54, it was held that a local court may take judicial notice that two newspapers published in a city within its jurisdiction are of opposite political faith. This goes further than mere notice of the existence of such newspapers.

Applying the principle underlying the rule given by the above authorities, it is manifest the entire people of the state would not have common knowledge of each county newspaper published therein. It is equally clear that the people of a county would have general knowledge of their own county newspaper. Section 106 of the Constitution, which we are considering, adopts the local newspaper as the medium of bringing to the people of the county notice of proposed local laws. Few facts are better known, or more easy of verification by a court, than the existence of a newspaper within its zone of general circulation.

We conclude this court should take notice that the Luverne Journal is a weekly newspaper, and so hold the notice sufficient.

The substance of the act as proposed and as passed was single, to abolish one governmental agency and confer its powers and duties upon another existing governmental agency, or set of officers.

[5] It is within the power of the Legislature to abolish an office of its own creation, although the incumbent is thereby removed during his term. Nothing in the Constitution should be construed to give the Legislature power to create offices, but not to abolish them. The incumbent takes subject to such power. State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; Hawkins v. Roberts & Son, 122 Ala. 130, 27 So. 327.

Such case is different from the removal of an incumbent from an existing office during his term in violation of section 175 of the Constitution, as in Petree v. McMurray, 210 Ala. 639, 98 So. 782.

[6] The act as passed is original and not amendatory in form, is complete and intelligible within itself, and refers to the general law merely to define its subject-matter and field of operation. Under our decisions it is not clearly within the provisions of section 45 requiring amendatory acts to re-enact and set out at length so much as is amended. State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; Sisk v. Cargile, 138 Ala. 164, 35 So. 114; Keene v. Jefferson County, 135 Ala. 465, 33 So. 435; State ex rel., etc., v. Rogers, 107 Ala. 444, 19 So. 909, 32 L. R. A. 520; Phœnix Co. v. Fire Department, 117 Ala. 631, 23 So. 843, 42 L. R. A. 468.

[7, 8] The title to the act recites that powers and duties of the jury commission are conferred on the "members" of the court of county commissioners. In the body of the act these powers and duties are conferred in terms upon the court of county commissioners. The title, in this respect, follows the notice of the proposed act.

It is suggested: (1) That this is a change in the substance of the proposed law; and (2) that the subject-matter of the act is not clearly expressed in the title.

The court of county commissioners is a court of record; it speaks through its records; the judge of probate is ex officio the presiding judge and the keeper of its records; it has regular terms fixed by law, and holds special terms on call of the judge of probate.

Still, it is not a judicial tribunal merely. It is vested with legislative, judicial, and executive or administrative power. In a word, it is the general governing body provided for the county governmental unit. Varied duties, much unlike in kind, are imposed upon the court, or its members. The powers and duties of the jury commission conferred by this act upon that court or body are, briefly, to ascertain all the qualified jurors in the county, make up and enter in a well-bound book the jury roll; to enter upon separate cards the full names, places of residence, and occupation of each juror, place them under lock and key, to be opened only by the officers authorized by law; and to be refilled when the need therefor arises.

In performing these duties the commissioners are required to organize by electing one of their number president, and all take the oath of office. They are empowered to employ a clerk of their selection to procure the needed information. The act before us must be construed in connection with the jury law. The act says all the provisions of

the jury law shall apply and govern the court serving as the jury commission. Whether we view the act as converting the court into a jury commission for this special service, or as converting the members of the court ex officio into a jury commission, is more a matter of form than substance. The duties and responsibilities attach to the same persons and their offices, in either event.

[9] This act conferring additional duties, by way of consolidating offices, is not violative of section 280 of the Constitution of 1901. State ex rel. Clarke v. Carter, 174 Ala. 266, 276, 56 So. 974; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112.

We are not clearly satisfied that the act in question is subject to any of the constitutional objections urged against it.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

BOULDIN, J. On the question of judicial notice, our attention is called to Jenkins v. Jenkins, 16 Ala. 694. That case involved the final settlement of an estate. The order to give notice and recital of notice given in the decree were by "publication in the Jacksonville Republican for three successive times." The statute called for publication in a newspaper for three successive weeks. The recital of notice was held insufficient on appeal. The court said:

"If we could presume that the Jacksonville Republican means a newspaper by that name, we know not how often it is published," etc.

It is not necessary to now question the soundness of that decision. We are dealing here with matters of common knowledge at this day. The Jenkins Case was decided in 1849. At that time there was no free school system in Alabama, no telephones, roads were unimproved, mails infrequent, and the general means of communication far different from the present. Even then the court did not undertake to say it could not take notice that a named publication was a newspaper, but that it did not know whether it was a weekly newspaper.

It is common knowledge that many things now of common knowledge had no existence in 1849, or existed only in the dreams of the inventor or the scientist.

[10] We cannot say now, for the purpose of declaring void an act of the Legislature, that the existence of a newspaper is not a matter of common knowledge within the zone of its general circulation, or that such common knowledge does not extend to the fact that it is a weekly newspaper.

[11-13] Courts cannot go behind the Journals of the Legislature to determine whether publication was in fact made on the dates shown by the proof entered on the Journals.

It is for the Legislature to ascertain whether the proof made as required by the Constitution is true or false. The Journals import absolute verity on matters duly shown therein. We have not held that the court takes judicial notice of what is published in a newspaper, but merely that the "Luverne Journal, a paper published at Luverne, Crenshaw county, Ala.," is a weekly newspaper.

Application overruled.

All the Justices concur in the result.

[14] ANDERSON, C. J., concurs in the opinion and further holds the affidavit of notice sufficient without the aid of judicial knowledge.

SAYRE, SOMERVILLE, and MILLER, JJ., hold the proof of notice sufficient on its face; but that judicial knowledge cannot be entertained in construing the proof appearing on the Journals.

GARDNER and THOMAS, JJ., concur in the opinion.