(124 So. 506)

### DIXON v. STATE.   (I Div. 841.)

Court of Appeals of Alabama.   June 25, 1929.

Rehearing Denied Oct. 8, 1929.

Jere Austill, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Appellant was indicted, tried, and convicted, for a violation of what is commonly known and called the "five gallon law." The statute in question makes it unlawful for any person, firm or corporation, or association within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession, or transportation of which was prohibited by law in Alabama, at the time of the passage and approval of said statute. The offense is made a felony by the terms of said act, and a punishment for its violation is fixed at not less than one year, nor more than five years, imprisonment in the penitentiary. Acts 1927, p. 704.

In the instant case there is no conflict in the evidence from which it affirmatively appears that at the time and place of the arrest of appellant he was then and there transporting in an automobile ten gallons of whisky. The defendant offered no evidence, hence these facts were before the court and jury without dispute.

■ Numerous grounds of demurrer were interposed to the indictment; several of these to the effect that the whisky, mentioned in the indictment, is not alleged to have contained alcohol; that it was not alleged that the whisky, therein mentioned, was spirituous, vinous, malted, fermented, or other intoxicating liquor, etc.

■■ These insistences are wholly without merit, and need no discussion. That whisky is a spirituous liquor is within the common knowledge of all men. The courts will take judicial knowledge of what everybody is presumed to know, and juries are permitted to find such fact without specific proof being adduced in its support. The court properly held that these and other objections to the indictment were not well taken. The indictment follows the wording of the act upon which it was predicated and was sufficient.

■ Upon the trial below the act itself was attacked, and many reasons presented as to its unconstitutionality. The same questions are presented upon appeal. We have examined the points of decision insisted upon in this connection, but find no merit in any of them. The court below so held and did not commit error. The record appears regular upon its face. There being no error upon this trial, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.