(128 So. 774)

## HAYES v. STATE.

### 7 Div. 636.

Court of Appeals of Alabama.
April 8, 1930.

Rehearing Denied May 1, 1930.

Hugh Reed, of Center, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The prosecution of this appellant was for the violation of an act of the Legislature approved September 6, 1927, General Acts of Alabama, 1927, p. 704. The full text of said act is as follows:

"An act to prohibit the transportation of any of the liquors or beverages, the sale or possession, or transportation of which is now prohibited by law in Alabama, in quantities of five gallons or more, and to fix a penalty therefor.

"Be it Enacted by the Legislature of Alabama:

"Section 1. That it shall be unlawful for any person, firm or corporation, or association within this State to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is now prohibited by law in Alabama. Any of the above persons who may be convicted for violating this Act shall be guilty of a felony, and upon conviction, shall be imprisoned in the penitentiary of this State for a period of not less than one year, nor more than five years.

"Section 2. This Act shall not be so construed as to affect or repeal any of the prohibition laws of this State, except in so far as they conflict with this Act.

"Approved September 6, 1927."

Before pleading to the merits the defendant interposed numerous' grounds of demurrer to the indictment, and, in order that these questions may clearly appear, we herewith set out the indictment in full, and also the demurrers aforesaid. The indictment is as follows, omitting the formal parts and indorsements:

"The Grand Jury of said county charge that, before the finding of this indictment, and since November 7th, 1927, Joe Hayes, whose name to the Grand Jury is otherwise unknown than as stated, did transport five gallons or more of prohibited liquors or beverages.

"The Grand Jury of said county further charge, that before the finding of this indictment, and since November 7th, 1927, Joe Hayes, whose name to the Grand Jury is otherwise unknown than as stated, did transport illegally five gallons or more of prohibited liquors or beverages, against the peace and dignity of the State of Alabama."

The demurrers are as follows:

"Comes the defendant and demurs to count one of the indictment in this cause, and as grounds of his demurrer assign the following:

"1. For that the Act of the Legislature approved September 6th, 1927, under which this prosecution was instituted is unconstitutional and void as being in contravention of section 45 of the Constitution of Alabama.

"2. For that said Act of the Legislature under which this prosecution is brought is amendatory or revisory of the prohibition laws of the State of Alabama and such laws or parts of such law so amended or revised is not set out at length, and reenacted or published, in contravention of section 45 of the Constitution.

"3. For that the Act of the Legislature of Alabama under which this prosecution is brought is an amendment or revision of the prohibition laws of the State by adding an additional penalty to the prohibition laws of the State without reenacting and publishing at length and in contravention of section 45 of the Constitution of Alabama.

"4. For that the Act of the Legislature under which this prosecution is brought is incomplete in itself, but has reference to the prohibition laws of the State and such laws are not reenacted and published at length as is required by the provisions of section 45 of the Constitution of Alabama.

"5. For that the full effect of the Act of the Legislature approved Sept. 6th, 1927, under which this prosecution was instituted cannot be determined without reference to the laws of Alabama prohibiting sale, possession or transportation of liquors or beverages, and such act is therefore an extension, amendment, or revision of such prohibition laws, and such laws not being by said Act reenacted and published at length, is in contravention of section 45 of the Constitution of Alabama, and is void.

"6. The Act under which this prosecution was instituted attempts to adopt the definition of prohibited liquors and beverages as defined by the laws of Alabama then existing without reenacting and publishing such prohibition laws contrary to section 45 of the Constitution of Alabama.

"7. The Act under which this prosecution was begun adopts by reference the definition of prohibited liquors and beverages as defined by other Statutes of Alabama, and is therefore contrary to section 45 of the Constitution.

"8. The indictment in this case fails to charge any offense.

"9. It is not made to appear in what the alleged prohibited liquor or beverages consisted.

"10. It does not appear from said indictment that the alleged transportation of liquor was at one time.

"11. From aught appears such alleged transportation of liquor may have been effected at different times.

"12. The indictment seeks to charge the offense in general terms, whereas such offense is designated in precise or particular terms.

"13. The indictment fails to name or designate the liquors alleged to have been transported.

"14. It does not appear from said indict-

ment that the alleged liquors transported were such liquors or beverages as was prohibited by law as to sale, possession, or transportation.

"15. Such indictment does not conform to the Statute under which this prosecution was instituted.

"16. The indictment fails to show that the alleged liquors transported were such as these, as the possession, sale or transportation were prohibited by law in Alabama.

"17. The quantity of the liquors or beverages alleged to have been transported is not made to appear from the indictment.

"18. It does not appear from said indictment that the liquors or beverages alleged to have been transported was in a quantity of five gallons or more.

"19. The indictment in this case does not substantially follow the Statute under which the prosecution was instituted.

"20. The language of the Statute under which this prosecution was instituted is not substantially followed in said indictment.

"21. From aught appearing from said indictment the alleged transportation of said liquors or beverages may have been effected by the transportation of several quantities at different times in quantities of less than five gallons.

"Defendant demurs to Count 2 of the indictment, and as grounds of his demurrers assigns each separate and several ground above assigned as grounds of demurrer to Count 1 of this indictment, such assignments being separately and severally assigned to Count 2 of this indictment.

"Wherefore, defendant says that he should not be required to plead to said indictment, but that same should be quashed and this prosecution dismissed."

■ The several specific grounds of demurrer attacking the above-quoted act, as being violative of section 45 of our 1901 Constitution engenders in the mind of the writer a serious doubt on the question thus fairly presented. If the insistence of appellant in this connection should prevail, the act as a whole must fall. However, under the statute, this court is without the power to so declare, for it is expressly provided before this court shall strike down any statute, federal or state, the question involving the validity of same must be submitted to the Supreme Court for determination, etc. Section 7322, Code 1923. Moreover, the general rule prevails that, in reaching a conclusion as to the constitutionality of an act, the duty rests upon all courts to uphold the statute, unless it clearly appears to be unconstitutional. Byrd v. State, 212 Ala. 266, 102 So. 223. In the case of State v. Joseph, 175 Ala. 579, 57 So. 942, Ann. Cas. 1914D, 248, it was said that the courts may not declare a statute void unless it is clearly so beyond any reasonable doubt. And in State v. Birmingham Southern R. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436, it was held, all doubt should be resolved in favor of the constitutionality of statutes.

■ From what has been said, we feel it our duty to hold that the demurrers to the indictment were not well taken, and were therefore properly overruled. In all fairness to appellant we have in this opinion presented the questions involved in full, thus according to him the right of full review upon certiorari. In this connection we are free to state in our opinion the case of Dixon v. State (Ala. App.) 124 So. 506,[1] is in no manner conclusive of the questions involved and here presented in the case at bar. There is but slight, if any, analogy in the two cases.

We do not regard as meritorious the insistence of appellant that he was, under the evidence adduced upon the trial, entitled to the general affirmative charge. This charge was properly refused. The defendant, it appears, offered no evidence. That for the state was ample to justify the verdict of the jury, and to support the judgment of conviction pronounced and entered.

Affirmed.

### On Rehearing.

■ The several grounds of demurrer attacking the form and sufficiency of the indictment are not well taken. J. W. Mars v. State, post, p. 569, 129 So. 314. Application for rehearing overruled.

---

[1] Ante, p. 279.