97 So.2d 161

Homer WEEKS

v.

STATE.

8 Div. 61.

Court of Appeals of Alabama.

Aug. 13, 1957.

Rehearing Denied Sept. 20, 1957.

John B. Tally, Scottsboro, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant, Homer Weeks, was convicted in the Jackson County Court of Law of the offense of driving while intoxicated.

The prosecution was begun by affidavit made before the clerk of the Jackson Coun-ty Court and warrant issued by the clerk for defendant's arrest.

Thereafter, before the case was called for trial, by act of the legislature the Jackson County Court was abolished and its pending cases transferred to the Jackson County Court of Law, created by said act.

Before trial the appellant filed (1) a plea to the jurisdiction of the court; (2) motion to quash the complaint and warrant; and (3) demurrer to the complaint and warrant of arrest.

The court ruled adversely to defendant on each of said pleadings. Such pleadings challenge the jurisdiction of the Jackson County Court of Law on the grounds that the clerk of the Jackson County Court was without authority to issue the process.

The Jackson County Court was created by Act No. 647, Local Acts, Regular Session, 1939, page 368 et seq.

Section 4 of said act provides that the clerk of the Circuit Court of Jackson County shall be the ex officio clerk of the Jackson County Court.

Section 22 provides that "Prosecutions for misdemeanors committed in Jackson County may be instituted in this court by making an affidavit before the judge of said court or the clerk thereof, the writ of said affidavit to be issued by the clerk of said court, * * *".

It is appellant's contention that said act of the legislature purporting to establish the Jackson County Court, and conferring authority upon the clerk to issue writs of arrest in criminal cases, is unconstitutional because of a failure to give the notice of intention to apply therefor, as provided by Section 106 of the Constitution.

The ground of objection urged is that the proof of publication of notice does not affirmatively show a compliance with the requirement that such notice "be published at least once a week for four consecutive weeks * * * prior to the introduction of the bill."

It is alleged in the motion to quash and the plea to the jurisdiction that the proof of notice was as follows:

"State of Alabama, }
Jackson County. }

"Before me, Robert E. Jones, a Notary Public in and for said county and state, personally appeared P. W. Campbell, who being duly and legally sworn, deposes and says that he is editor and manager of the Jackson County Sentinel, a newspaper published in Jackson County, Alabama, and which is a weekly newspaper, that the notice, a copy of which is hereto attached, was inserted in said The Jackson County Sentinel, and was published and has appeared regularly in four weekly issues of said The Jackson County Sentinel.

"P. W. Campbell.

"Sworn to and subscribed before me this the 14th day of July, 1939.

"Robert E. Jones,
(Seal)                     Notary Public."

■ It is insisted that the meaning of the word "regularly" as it is used in said affidavit is not synonymous with the word "consecutive" as it appears in the Constitution.

In Ex parte Black, 144 Ala. 1, 40 So. 133, 135, the Supreme Court said:

"We think the words as they appear in the affidavit or proof of notice, 'has appeared regularly in four regular weekly issues,' as they are used in their ordinary acceptation, mean that the notice had continued to appear, or continuously appeared, consecutively, or successively, as these words are interchangeably used, four weeks. All concur in holding that the proof of the notice given was sufficient."

■ By demurring to the plea and motion to quash, the State admitted the facts stated in the plea and motion, but contended that, as a matter of law, the plea and motion did not call for the relief sought thereby. Clements v. State, 19 Ala.App. 640, 99 So. 832; Sexton v. State, 28 Ala. App. 59, 180 So. 729.

■ However, the facts are treated as true only for pleading purposes. A demurrer does not admit the truth of allegations contradicted by documentary proof. Commonwealth v. Bergen, 134 Pa.Super. 62, 4 A.2d 164.

It is averred in the plea and the motion that notice of intention to apply for the enactment of the said local law was in fact given for only three consecutive weeks, such notice having appeared in the regular weekly edition of the Jackson County Sentinel on March 7th, 14th, and 21st, 1939, and such notice was not published in said newspaper on any other date.

■ Courts take judicial notice of the journals of the two houses of the legislature and are authorized to search them for the purpose of ascertaining whether a particular statute was enacted in accordance with constitutional forms. 9 Ala.Dig., Evidence ☞33.

Notice and proof thereto attached appear in the 1939 House Journal, Vol. 2, p. 2366, and in the Senate Journal, 1939, Vol. 1, p. 1322.

■ In Byrd v. State ex rel. Colguctt, 212 Ala. 266, 102 So. 223, 228, the court said:

"Courts cannot go behind the Journals of the Legislature to determine whether publication was in fact made on the dates shown by the proof entered on the Journals.

"It is for the Legislature to ascertain whether the proof made as required by the Constitution is true or false. The Journals import absolute verity on matters duly shown therein. * * *"

■ We are of the opinion, in view of what has been written, that the proceedings against defendant are valid, and that

the trial court's rulings, sustaining the State's demurrers to the plea and the motion to quash, and overruling the defendant's demurrer to the complaint and warrant, were proper.

The question of the sufficiency of the evidence is not presented for our review.

The judgment of conviction is affirmed.

Affirmed.