ADAMS, Justice.
This is an appeal from the Pickens County Circuit Court’s summary judgment in favor of the Bank of Reform and the First National Bank of Aliceville and against the Bank of Gordo.
The facts of this case are as follows:
A bill was introduced in the Legislature on May 10, 1983, to allow branch banking *393 in Pickens County, Alabama. The bill was passed by the House and Senate, signed by the Governor, and on July 19, 1983, became part of the permanent records of the Secretary of State. The bill was enacted as Act No. 83-550.
In August 1983, the Bank of Reform applied for consent to establish a branch bank in Gordo, Alabama. Notice of such application was sent to the appellant, Bank of Gordo. Thereafter, First National Bank of Aliceville filed notice of intent to open a branch bank in Gordo. This prompted the Bank of Gordo to file an action in the Pickens County Circuit Court seeking to have Act No. 83-550 declared unconstitutional as violative of § 106 of the Constitution of Alabama, 1901.
The complaint stated that the Act should be declared unconstitutional because it was not properly advertised according to Alabama Constitution § 106. Named in the complaint as defendants were the Bank of Reform; the First National Bank of Alice-ville; Kenneth R. McCartha, the Superintendent of Banking, the State of Alabama Bank Department; and Don Siegelman, the Secretary of State.
A hearing was held on October 18, 1983, by the Circuit Court on all motions, at which time the State Department of Banking and Kenneth R. McCartha were dismissed from the case, and a preliminary injunction was entered against all defendants. Each side filed a motion for summary judgment, and a hearing was set for November 17, 1983. Following the hearing, the Circuit Court entered judgment in favor of the defendants, finding Act No. 83-550 constitutional and simultaneously dissolving the preliminary injunction. This appeal followed.
The single issue presented for our review is whether Act No. 83-550 is unconstitutional for noncompliance with § 106 of the Alabama Constitution of 1901. The trial court found that it was not, and we find no reason to reverse its judgment.
Section 106 of the Constitution of Alabama, 1901, states:
No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefore shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties or if there is no newspaper published therein, then by posting the said notice for two consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof that said notice has been given shall be exhibited to each house of the legislature through a certification by the Clerk of the House or Secretary of the Senate that notice and proof was attached to the subject local legislation and the notice and proof shall be attached to the original copy of the subject bill and shall be filed in the Department of Archives and History where it shall constitute a public record. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section_ [Emphasis added.]
This section requires the courts to invalidate any local law which the journals show was passed without being published for four consecutive weeks in the county to be affected by its passage. It has long been an established principle in Alabama that when a court is reviewing whether an Act has complied with Constitution 1901, § 106, that court is limited to searching the journals of the House and Senate. Byrd v. State ex rel. Colquett, 212 Ala. 266, 102 So. 223, 228 (1924). The journals here show that the proposed Bill was advertised once a week for four consecutive weeks on April 14, April 21, April 28, and May 7, 1983. According to Byrd, the recitations contained in the journals are determinative. In Weeks v. State, 39 Ala.App. 231, 97 *394 So.2d 161 (1957), the Court of Appeals was faced with a fact situation substantially similar to the case at bar, and, quoting from Byrd, stated:
“Courts cannot go behind the Journals of the Legislature to determine whether publication was in fact made on the dates shown by the proof entered on the Journals.
“It is for the Legislature to ascertain whether the proof made as required by the Constitution is true or false. The Journals import absolute verity on matters duly shown therein.”
39 Ala.App. at 233, 97 So.2d at 163. (Emphasis added.)
In Weeks, as here, there was evidence that the notice was in fact only published three times, but the journals contained proof that there was publication for the required number of times; therefore, the Court of Appeals was bound to uphold the Act. We can find no reason in this case to depart from the longstanding rule that it is the Legislature’s duty to verify compliance with the Constitution, and we are bound by its decision as found in the House and Senate Journals.
The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.'
TORBERT, C.J., not sitting.