LYONS, Justice.
St. Elmo Irvington Water Authority (“the Authority”) sued the Mobile County Commission and its members, Samuel L. Jones, Freeman E. Jockish, and Gary G. Tanner (collectively, “the Commission”), seeking payment for costs the Authority had incurred in relocating and replacing certain water pipes and water lines in Mobile County. The Authority sought this payment pursuant to Acts of Alabama, No. 84-831 (“the Act”), which provides, in pertinent part:
“Section 1. The provisions of this Act shall apply only in Mobile County.
“Section 2. Any law to the contrary notwithstanding, the Mobile County governing body shall pay for the expense, from the general county fund or any county fund designated for roads or bridges, of relocating water pipes and lines outside of the municipal police jurisdiction when:
“(a) owned by a rural water system or by a municipal or municipalities water system; and
“(b) as a result of public roads maintenance or construction, or bridge repair or replacement which is contracted for by the county commission or executed pursuant to the direction of the county commission.”
*126 The Commission moved for a summary judgment, arguing that the Act had not been advertised and published in accordance with the requirements of Ala. Const. of 1901, Art IV, § 106, as amended in 1976 by Ala. Const. amend 341, and was therefore invalid. The trial court agreed and entered a summary judgment for the Commission.
Amendment 341 amends § 106 to read, in pertinent part:
“No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution ... unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at, least once a week for four consecutive weeks in some newspaper published in such county or counties ... prior to the introduction of the bill; and proof that said notice has been given shall be exhibited to each house of the legislature through a certification by the clerk of the house or secretary of the senate that notice and proof was attached to the subject local legislation and the notice and proof shall be attached to the original copy of the subject bill and shall be filed in the department of archives and history where it shall constitute a public record. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section.”
(Emphasis added.)
The record shows that the Act was originally presented to the Alabama Legislature as House Bill 603 during the regular legislative session that began on February 7, 1984, and ended on May 21, 1984. What became House Bill 603 was published in its entirety in the Mobile County News, a newspaper published in Mobile County, on February 16, 1984; February 23, 1984; March 1, 1984; and March 8, 1984. House Bill 603 was not passed by the legislature during the regular session, but was reintroduced as House Bill 95 in the special session that began on May 22, 1984, the day after the regular session ended. The legislature passed House Bill 95 on June 14, 1984. It is undisputed there was no republication of notice. However, the Journal of the House of Representatives of the State of Alabama, recorded the bill as having passed with “Notice and Proof ... as required in the General Acts of Alabama, 1975 Act No. 919.” See Journal of the House of Representatives, State of Alabama, First Extraordinary Session of 1984, p. 34 (1984).
Under both the original version and the amended version of § 106, this Court must pronounce void every special, private, or local law that the legislative journals do not affirmatively show was passed with proper notice.[1] The issue before us is whether a statement in the legislative journals that an act has been passed with proper notice is conclusive, or whether it may be rebutted by evidence to the contrary. It is well established in Alabama that when a court is determining whether an Act was adopted in accordance with Constitution 1901, § 106, that court is limited to searching the journals of the House and Senate. Byrd v. State ex rel. Colquett, 212 Ala. 266, 102 So. 223 (1924). In Byrd, the plaintiff brought a declaratory judgment action challenging the constitutionality of a local statute relating to the jury commission of Crenshaw County. The plaintiff presented evidence indicating that, although publication of the proposed law had been made four times, it had not been made in a legitimate “newspaper,” as required by § 106. However, the House and Senate journals stated that the law had passed with the proper notice. Faced with a discrepancy between the evidence presented and the legislative journals, this Court held:
“Courts cannot go behind the Journals of the Legislature to determine whether publication was in fact made on the dates shown by the proof entered on the Journals.
*127 “It is for the Legislature to ascertain whether the proof madé as required by the Constitution is true or false. The Journals import absolute verity on matters duly shown therein.”
Byrd, 212 Ala. at 271, 102 So. at 227 (on rehearing).
The Court of Appeals subsequently applied the Byrd rule in Weeks v. State, 39 Ala.App. 231, 97 So.2d 161 (1957), and this Court applied it in Bank of Gordo v. Bank of Reform, 457 So.2d 392 (Ala.1984). Each of those cases involved a challenge to a local law based upon the length of the notice required by § 106. In both Weeks and Bank of Gor-do, there was evidence that the requisite four weeks of notice required under § 106 was not accomplished before the local law at issue was introduced. However, in each case, the legislative journals indicated that the law was passed after proper notice had been given, and this Court relied upon the statement in the journals to uphold the local law.
Through the Byrd rule, this Court has refrained from inquiring beyond a con-clusory statement in the legislative journals indicating that proper notice of a proposed bill has been given. We will apply the Byrd rule to this present case, under the doctrine of stare decisis. However, with respect to acts passed in legislative sessions beginning in 1999, this Court will apply the Byrd rule only in regard to an act as to which the legislature has evidenced compliance with the mandate of § 106 by including, in the appropriate journal, the date and the manner of the publication of the notice of the proposed bill. To the extent that Byrd conflicts with this prospective holding, it is hereby overruled.
The judgment invalidating the ordinance as violating § 106 is reversed.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.

. Both the original § 106 and Amendment 341 state that "[T]he courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."